[No. 1380.]

## JAMES B. EGAN, APPELLANT, *v.* W. D. JONES, RESPONDENT.

ELECTION CONTEST—SUFFICIENCY OF COMPLAINT.—Section 10 of art. 4 of the constitution declares that any person ." who may be convicted of having given or offered a bribe to secure his election or appointment to office" shall be disqualified to' hold any office of profit or trust in the state. Section 1560 of the general statutes authorizes a contest of election " when the person whose right to the office is contested was not, at the time of election, eligible to such office." *Held,* that a complaint to contest the election of a district attorney which alleged that the contestee offered before election to make a bond conditioned that, if elected, he would return to the county treasury each month a portion of his salary, but does not allege that the contestee had been " convicted" of offering such bribe, does not show that the contestee was disqualified to hold the office, and is fatally defective on demurrer.

APPEAL from the District Court of the State of Nevada, Lander county.

*A. L. Fitzgerald,* District Judge.

The facts sufficiently appear in the opinion.

*James B. Egan, in pro. per.,* for Appellant.

I.   A reasonable construction of the constitutional provision shows that a criminal conviction was not intended to be necessarily precedent to disqualification to hold office. The words, " may be convicted " are used after the words " shall be convicted " occurring in the same section and are used advisedly. It is the history of all legislation and constitutional provisions on this subject that it is intended that the people shall not have to wait the delays of criminal courts before a person will be declared to be ineligible to hold office. (*Com.* v. *Walter,* 83 Pa. St. 105; *Royal* v. *Thomas,* 28 Grat. 130.)

*J. F. Dennis,* for Respondent.

I.   To render a person ineligible to hold office because of

bribery or an offer to bribe, he must have first been convicted
in a regular criminal proceeding.   (1 Wheat. 461; 82 Kentucky,
88;  76 N. C. 231;  53 Barb. 152;  40 How. Pr. 97.)   The words
"may be," "may be convicted," as used in our constitution,
mean shall be convicted, or has been convicted.   (End. Interp.
of Stats..307; 4 Wall. 435; 5 Wall. 705.)   There can be no
proof of bribery or an offer to bribe, under the laws of this
state, except the record of conviction.   (*Bush* v. *Thornton*, 25
Hun. 457.)

By the Court, MURPHY, C. J.:

This is what purports to be an election contest, brought under
section 1560, Gen. Stat. Nev., which reads:   "Any elector, of
the proper county, may contest the right of any person declared
duly elected to an office exercised in and for such county; and
also any elector of a township may contest the right of any per-
son declared duly elected to any office in and for such township,
for any of the following causes:   First, for malconduct on the
part of the board of inspectors or any member thereof; second,
when the person whose right to the office is contested was not
at the time of election eligible to such office."   It appears from
the complaint that at the general election held in the month of
November, 1892, the contestant, Egan, and the contestee, Jones,
were opposing candidates for the office of district attorney in
and for Lander county, Nevada; that Egan received two hun-
dred and fifty-three votes, and Jones two hundred and sixty-
nine votes; and thereafter the board of county commissioners
met and canvassed the vote, finding the result as above
stated declared Jones elected, and ordered a certificate of elec-
tion to issue to him.   The contestant filed his complaint, and
assigns as the grounds of Jones' ineligibility that at divers and
sundry times during the political campaign of 1892, Jones, in
his public speeches, declared that the sum of one thousand
eight hundred dollars per annum, which is the salary fixed by
law to be paid to the district attorney of Lander county, was
more than the services required of that officer were worth, and
that if the people would elect him (Jones) to the office he would
return to the county treasury fifty dollars per month out of
said salary; and the said Jones offered to give a bond as a
guaranty of good faith and return of the money as aforesaid.

A demurrer was interposed to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action against the defendant. The demurrer was sustained. The contestant failing to amend, judgment was entered in favor of the contestee for his costs.

This ruling of the court is assigned as error, and appellant argues that he was not required to allege in his complaint that the contestee had been tried and convicted of the crime of bribery; and he relies on section 10, art. 4, of the constitution to support his position. Said section reads as follows: "Any person who shall be convicted of the embezzlement or defalcation of the public funds of this state, or who may be convicted of having given or offered a bribe to procure his election or appointment to office, or received a bribe to aid in the procurement of office for any other person, shall be disqualified from holding any office of profit or trust in this state; and the legisture shall, as soon as practicable, provide by law for the punishment of such defalcation, bribery or embezzlement as a felony."

Contestant argues that, under the words " or who may be convicted of having given or offered a bribe to procure his election or appointment to office," it was not necessary for him to allege in his complaint that the contestee had been convicted of the crime of bribery in order to sustain his action. We think differently. The conviction is the foundation upon which the cause of action must be based on a charge of bribery, and without such a conviction no ouster can be adjudged. The word " convicted " has a well-defined meaning, and he who reads ought not to be misled thereby. Webster's dictionary defines the word as " the past participle of the verb to convict. To prove or find guilty of an offense or crime charged; to pronounce guilty, as by legal decision." Black's Law Dictionary: " Convicted. This term has a definite signification in law, and means that a judgment of final condemnation has been pronounced against the accused." Anderson's Law Dictionary: " Convicted. Found guilty of the crime whereof one stands indicted." Rap. & L. Law Dictionary: " The finding of a person guilty of an offense." Bouvier: " Conviction. A condemnation. In its most extensive sense this word signifies the giving judgment against a defendant, whether criminal or civil. In a more limited sense it means the judgment given against the criminal." (See, also, *Blaufus* v. *People,* 69 N. Y.

109; *Faunce* v. *People;* 51 Ill. 312; *Ritter* v. *Press Co.*, 68 Mo. 460.)

Under our system of government and the statute of this state, and the constitutional provision referred to, " convicted " means when a person has been indicted by a grand jury, tried by a court and jury, and found guilty of the offense charged in the indictment; and it was the intention of the framers of the constitution that no person should be ousted from an office, when charged with the crime of bribery, until after such trial and conviction upon a verdict of guilty.

By the section of the constitution referred to, bribery is made a felony under article 1, section 8. " No person shall be tried for a capital or other infamous crime *  *  * except on presentment or indictment of a grand jury." Section 1 Crim. Proc., reads: "A crime or public offense is an act or omission forbidden by law, and to which is annexed, on conviction: *  *  * Fourth, removal from office; fifth, disqualification to hold or enjoy any office of honor, trust, or profit under this territory." " Sec. 5. No person can be punished for a public offense except upon legal conviction in a court having jurisdiction. Sec. 6. Every public offense must be prosecuted by indictment, except—First, where proceedings are had for the removal of a civil officer of the territory." The exception merely refers to proceedings by impeachment. This is seen by reading section 3952: " If the offense for which the defendant is impeached be the subject of an indictment, the indictment shall not be barred by the impeachment." The court did not err in sustaining the demurrer; and the judgment is affirmed.