[Civil No. 2925. Filed May 19, 1930.]

[288 Pac. 1.]

STATE ex rel. GEORGE T. WILSON, County Attorney of Maricopa County, State of Arizona, Appellant, v. DILWORTH BAIRD, T. A. BAILEY, HUGH E. LAIRD, and J. L. FELTON, Appellees.

Mr. E. O. Phlegar, for Appellant.

Messrs. Stockton & Perry, for Appellees.

ROSS, J.—This action is prosecuted by the state of Arizona, on the relation of the county attorney of Maricopa county, and has for its object the ousting from office of the defendants Dilworth Baird, T. A. Bailey, Hugh E. Laird and J. L. Felton, members of the common council of the town of Tempe. The grounds upon which the ouster proceeding is predicated are that defendants had received and taken from the town of Tempe, Baird, $185, Laird, $225, Bailey, $260, and Felton, $225, as salaries, under and by virtue of a motion or resolution passed by them as members of the common council providing that the members of the council be paid thereafter salaries of $5 per meeting, not to exceed eighteen meetings per year. It is alleged that before the bringing of this action, in another action entitled *J. W. Terrell* v. *Town of Tempe et al.*, the motion or resolution authorizing the payment of salaries was adjudged null and void and defendants were ordered to repay said sums to the town, which they did. In effect, the cause of action stated is that defendants voted and paid themselves salaries to which it had been judicially determined in a civil action they were not entitled, and that they thereby incurred the law's penalty of ouster from office. The demurrer of defendants to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action was sustained, and, plaintiff electing to stand on his complaint, a judgment of dismissal was entered.

The only question on this appeal is the one raised by the demurrer. The plaintiff justifies this proceeding upon the language of paragraph 1889 of the Civil Code of 1913, reading as follows:

"No alderman or councilman of any town, organized hereunder, shall, during the term for which he shall have been or shall be elected, accept, take or receive to his own use, from the town of which he shall be an alderman or councilman, any sum of money or other thing of value, other than that which is, by this chapter provided to be paid to such alderman or councilman, for his services as such alderman or councilman; and every person who shall violate the provisions of this section, shall be deemed guilty of a misdemeanor and upon conviction thereof, in any court of competent jurisdiction, shall be fined not less than one hundred dollars, nor more than three hundred dollars, such fine to go to the school fund of the county in which such town shall be located; and he shall also cease to be an alderman or councilman, as the case may be, of such town." Section 405, Rev. Code 1928.

It seems clear that if one of the above-named officers takes or receives for his services from his town money or other thing of value not provided for somewhere in chapter 2, title 7, Civil Code of 1913, he is guilty of a misdemeanor and exposes himself to a criminal prosecution. If he is convicted he must be fined and shall also lose his office, or, in the words of the law, "cease to be . . . councilman . . . of such town." It is the contention of the appellant that the last part of the penalty is not dependent on a conviction; that if in a civil action to recover salaries judgment is obtained against the officer, such judgment is conclusive evidence that the office has been forfeited and that such forfeiture may be enforced in the manner here undertaken. This contention of the independence of the penalties is predicated exclusively upon the fact that a semicolon separates the two penalties.

It is the contention of defendants, and that is evidently the view taken by the trial court, that there must be a conviction before the penalties can be inflicted, and that the forfeiture of office can no more

be declared or effected before conviction than can the fine be assessed before conviction. Defendants call attention to the fact that the penalties are conjunctively and not disjunctively stated.

We are in agreement with the last contention. It seems to us the legislature has, in no equivocal manner, described the method of ousting the town officer who has unlawfully accepted, taken, or received money from his town for services, and that is by a judgment of conviction of the misdemeanor named in the statute. Upon a verdict or plea of guilty followed by a sentence assessing a fine, automatically the officer ceases to be such. Thus the forfeiture depends upon the criminal conviction and not upon a finding in a civil proceeding that the taking of salary was without authority of law. This construction of the statute we think is re-enforced by the provisions of paragraph 1890, Civil Code of 1913, wherein a councilman is forbidden to be interested, either directly or indirectly, in any contract whereby any sum of money may become due him from the town. Violation of this provision "shall be punished as provided in the preceding section" (1889); that is upon conviction he shall be fined and "shall also cease to be . . . councilman."

The cases cited by defendants are to the effect that the provisions of a penal statute cannot be enforced by civil process. The Nevada Constitution (art. 4, § 10) declares that any person "who may be convicted of having given or offered a bribe to procure his election or appointment to office" shall be disqualified to hold any office of profit or trust. In *Egan* v. *Jones,* 21 Nev. 433, 32 Pac. 929, the defeated candidate for district attorney based his contest upon the ground that the contestee had bribed, or offered to bribe, the voters to vote for him by promising them if elected he would return to the treasury of the county fifty dollars of his salary each month dur-

ing the term of office. The court, in affirming an order sustaining a demurrer to the complaint, said:

"Contestant argues that, under the words 'or who may be convicted of having given or offered a bribe to procure his election or appointment to office,' it was not necessary for him to allege in his complaint that the contestee had been convicted of the crime of bribery, in order to sustain his action. We think differently. The conviction is the foundation upon which the cause of action must be based on a charge of bribery, and without such a conviction no ouster can be adjudged."

In Massachusetts the statute provided that the "conviction" of a person licensed to transact a certain named business for violating the regulatory law of said business "shall, of itself, make the license of said person void." In construing this provision, the court, in *Commonwealth* v. *Kiley,* 150 Mass. 325, 23 N. E. 55, said:

"Under this provision the effect of a conviction of the kind named is to deprive the defendant of a valuable right, without an opportunity for further trial or investigation. We are of the opinion that nothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word 'conviction,' as here used."

See, also, *Judge* v. *Powers,* 156 Iowa 251, Ann. Cas. 1915B 280, 136 N. W. 315.

The authorities seem to agree that, where a statute provides that a person convicted of a crime is incapable of holding any office, of voting, of serving as a juror, or of giving testimony, that such incapacity does not arise until a judgment of conviction has been imposed, and the same is true when a statute imposes any punitive consequence as a result of conviction of the offense mentioned in the statute. *Smith* v. *Commonwealth,* 134 Va. 589, 24 A. L. R. 1286, 113 S. E. 707.

As we see it, the separation of the two penalties by semicolon does not affect the legislative intention in the least. As punctuated, the meaning is the same as it would be in the absence of all punctuation. The division of the sentence by semicolon doubtless was made because of the insertion of the clause appropriating fines to the school fund and not to indicate that the penalties might be enforced by different proceedings. The rule is that punctuation will not be resorted to except when the meaning is doubtful. At best it is a most fallible standard by which to interpret a writing. 3 Bouvier's Law Dictionary, 3d Rev., p. 2769.

We are firmly of the opinion that the complaint failed to state a cause of action and that the order of the court sustaining the demurrer thereto was correct.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.