## Staunton.

## Edna Wampler, et al., v. Corporation of Norton.

September 21, 1922.

1. Intoxicating Liquors—*Possession as Prima Facie Evidence of Guilt—Finding of Liquor Sufficient to Sustain Conviction.*—By section 28 of the State prohibition law (Code of 1919, section 4618, Acts 1918, page 598) it is provided that whenever ardent spirits shall be seized in any place, search'ed under the provisions of this act, the finding of such ardent spirits in any such place shall be *prima facie* evidence of the unlawful manufacturing, selling, etc., by the person occupying such premises.

   *Held:* That the mere finding of spirits on the premises was sufficient to sustain a conviction of unlawfully keeping ardent spirits in store for sale of the person occupying such premises, notwithstanding the suggestion that some of the other occupants of the premises might also have been guilty.

2. Intoxicating Liquors—*Presumption from Finding Liquor on Premises—"Occupying the Premises"—Husband and Wife.*—A wife residing with her husband on property owned by her is not occupying the premises in the sense of being the person in charge within the meaning of section 4618, Code of 1919, providing that the finding of ardent spirits shall be *prima facie* evidence of the unlawful manufacturing, etc., by the person occupying the premises, and that the proprietor or other person in charge of the premises where the ardent spirits were found should be prosecuted.

3. Words and Phrases—*"Occupy."*—The word "occupy" and its derivatives have more than one meaning in law, depending upon the connection in which they are used.

4. Husband and Wife—*Occupant.*—A husband is not always in a legal sense the occupant of a home owned by his wife, though they be living there together and have no other place of abode. And, on the other hand, a wife is not usually regarded in law as the occupant of the home owned by her husband in the sense of being in possession and control of it, notwithstanding her constant residence with him there.

5. Intoxicating Liquors—*Husband and Wife—Occupant of Premises—Section 4618 of the Code of 1919—Presumption from Finding Liquor on Premises.*—Section 4618 of the Code of 1919, providing that the find-

ing of ardent spirits on premises shall be *prima facie* evidence of a violation of the prohibition law by the occupant is aimed at the person or persons apparently and presumably responsible for conduct and conditions on the premises. The "occupant" referred to therein is the "person in charge." None of the many progressive changes made by the laws of this State in respect to marital rights has gone so far as to destroy the theoretical status of the husband as the responsible and authoritative head of the family and director of conditions in the home. In the absence of proof to the contrary, therefore, he is to be regarded as the "person in charge" of the home within the contemplation of the statute and a corresponding city ordinance.

6. CRIMINAL LAW—*Husband and Wife—Intoxicating Liquors—Conviction of Wife—Technical Coercion by Husband.*—A husband and wife may be jointly charged and convicted for selling whiskey. The wife cannot excuse herself from guilt upon this or any other sort of criminal charge merely by showing the marriage and pleading a consequent technical coercion by her husband.

7. INTOXICATING LIQUORS—*Husband and Wife—Finding Spirits on Premises.*—But where a married woman is charged with keeping ardent spirits for sale there must be something more to establish her guilt than the mere finding of the spirits on premises where she and her husband jointly make their home, no matter to whom the premises belong.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed as to Henry Wampler.*
*Reversed as to Edna Wampler.*

The opinion states the case.

*D. F. Kennedy*, for the plaintiffs in error.

*John Roberts*, for the defendant in error.

KELLY, P., delivered the opinion of the court.

Upon a warrant issued by the mayor of the corporation of Norton jointly charging Henry Wampler and Edna Wampler, his wife, with unlawfully keeping ar-

dent spirits in store for sale, they were convicted in the mayor's court, and on appeal to the circuit court were again tried jointly, found guilty and sentenced each to the payment of a fine of $500.00 and imprisonment in jail for a period of six months.

1. The principal assignment of error is that the court refused to set aside the verdict as being contrary to the law and the evidence.

The material facts shown in the evidence are as follows: . The sheriff and two deputies, armed with a search warrant, went to the home of the defendant to search for ardent spirits. Henry Wampler was working at a store a few feet from the residence. His wife was temporarily absent and had the key to the house, which was locked, but Wampler told them to go ahead and make the search. They found a quart jar under some tomato vines in the back yard and another quart jar concealed in some weeds under the drip of the kitchen window. Both of these jars were partly filled with whiskey. On entering the house through one of the windows, two of which were open, they found under the floor two more quart jars, one full and the other nearly full of whiskey. There was no evidence tending to show who had hidden this whiskey or to whom it belonged, save only its presence on the premises of the defendants. Henry Wampler testified that he did not own it, did not even know any of it was on the place, and that a number of people, white and colored, lived near by who could have placed it in hiding there if they tried to do so. Edna Wampler testified that she owned the premises, but was "not boss," that she did not own any of the whiskey, and did not authorize any other person to put it there.

We are of opinion that the court was right in refusing to set aside the verdict as to Henry Wampler.

The case of *Henderson* v. *Commonwealth*, 130 Va. 761, 107 S. E. 700, relied upon by his counsel, is not in point. Both the statute and the facts involved therein are wholly different from the statute and the facts in this case.

The record does not affirmatively show that the alleged offense was committed within the local jurisdiction of the mayor, but no mention or point whatever is made as to this omission of proof, either in the assignments of error or otherwise in the record as offered to us, and we shall treat this fact, not as waived, but as admitted, and shall deal with the case accordingly.

By section 28 of the State prohibition law (Acts 1918, page 598; Code 1919, section 4618), it is provided that "Whenever ardent spirits shall be seized in any * * place searched under the provisions of this act, the finding of such ardent spirits * * * in any such place shall be *prima facie* evidence of the unlawful manufacturing, selling, keeping and storing for sale, gift or use, by the person or persons occupying such premises * * and the proprietor or other person in charge of the premises where such ardent spirits are found" shall be prosecuted therefor.

[1-4] As to Henry Wampler the case is in all respects controlled by the decision of this court in *Moore* v. *Commonwealth*, 132 Va. 738, 111 S. E. 127. In that case, as here, the whiskey was found, not in the dwelling house, but concealed on the premises, and judge Prentis, who delivered the opinion of the court, after quoting the statute above, said: "It is clear then, under this statute, that the unexplained and uncontradicted facts which we have recited fully justify the conviction.

"The mere suggestion that some of the other occupants of the premises may have been also guilty may

39

be true, but this does not warrant the acquittal of the accused. So to construe this statute would be to thwart its manifest design, to suppress the illicit traffic in ardent spirits, would under the evidence in this case result in the acquittal of all of such occupants and thereby give aid and comfort to all others who contemptuously disregard the law."

As to Mrs. Wampler, however, a different rule must be applied. It is true that she owned the property, but she was not "occupying the premises" in the sense of being the "person in charge" within the meaning of the statute. The word "occupy" and its derivatives have more than one meaning in law, depending upon the connection in which they are used. A husband is not always in a legal sense the occupant of a home owned by his wife though they be living there together and have no other place of abode. Thus, under a statute providing for the assessment of real estate in the name of the occupant, it was held that a husband residing with his wife in her separate property was not the occupant thereof within the meaning of the act. *Hamilton* v. *City of Fond du Lac*, 25 Wis. 496, 497. See also *Kavanagh* v. *Barber*, 12 N. Y. Supp. 603, 59 Hun. 60. And, on the other hand, a wife is not usually regarded in law as the occupant of the home owned by her husband in the sense of being in possession and control of it, notwithstanding her constant residence with him there.

[5] The section of the prohibition law here under consideration is aimed at the person or persons apparently and presumably responsible for conduct and conditions on the premises. The "occupant" referred to therein is the "person in charge." None of the many progressive changes made by the laws of this State in respect to marital rights has gone so far as to dstroy the theo-

retical status of the husband as the responsible and authoritative head of the family and director of conditions in the home.    In the absence of proof to the contrary, therefore, he is to be regarded as the "person in charge" of the home within the contemplation of the statute and corresponding city ordinance.

[6, 7] Of course a husband and wife may be jointly charged and convicted for selling whiskey.    This was settled long ago.    *Commonwealth* v. *Hamor and Wife,* 8 Gratt. (49 Va.) 698.    She cannot excuse herself from guilt upon this or any other sort of criminal charge merely by showing the marriage and pleading a consequent technical coercion by her husband.    Thus, for example, when they are living together in a house kept for immoral purposes, she cannot successfully defend a prosecution therefor on the ground that the law presumes her to be acting under his control.    *State* v. *Jones,* 53 W. Va. 613, 45 S. E. 916.

But where a married woman is charged with keeping ardent spirits for sale there must be something more to establish her guilt than the mere finding of the spirits on premises where she and her husband jointly make their home, no matter to whom the premises belong. If under the facts of this case Mrs. Wampler may be regarded as *prima facie* guilty of keeping whiskey for sale on the ground that she was an occupant of the premises where it was concealed, then the children of responsible age, or any other member of the family, if any such there were, would be subject to the same presumption of guilt.

It may be that in this case Mrs. Wampler is equally as guilty as her husband.    The local authorities evidently believed that she was.    But her guilt cannot be regarded as proved without placing upon the statute what seems to us an unreasonable and dangerous construction.

2. After the trial court had overruled the motion for a new trial and had sentenced the defendants, they moved the court to suspend the sentence for sixty days pending an application to this court for a writ of error and supersedeas, and to grant them bail. The court denied both motions, and this action constitutes the basis of the second assignment of error.

The writ of error and supersedeas was granted by one of the judges of this court in vacation by the following endorsement on the petition: "Writ of error and supersedeas awarded. No bond. The supersedeas not to operate to discharge the prisoners from custody if in custody nor to release their bail if out on bail, but they may again apply for bail to the circuit court of Wise county, or to the judge thereof in vacation, this court having no power to reverse the lower court upon writ of error until final hearing."

It is admitted by counsel that as soon as the writ of error was granted both defendants again applied for and were allowed bail; and it seems unnecessary to further notice this assignment.

The judgment will be affirmed as to Henry Wampler, but as to Edna Wampler it will be reversed and the cause remanded to the circuit court for a new trial to be had in conformity with the views herein expressed.

*Affirmed as to Henry Wampler.*
*Reversed as to Edna Wampler.*