# Wytheville.

## RAMEY v. COMMONWEALTH.

### June 24, 1926.

1. INTOXICATING LIQUOR—*Evidence Sufficient to Support Conviction—Mere Suspicion.*—The citizen is not to be deprived of his liberty upon mere suspicion, however strong. To the suspicious, "trifles light as air are confirmation strong as proofs of holy writ." Every fact necessary to establish the guilt of the accused must be proved beyond a reasonable doubt. Unless the facts proved are inconsistent with the innocence of the accused, he must be acquitted.

2. INTOXICATING LIQUOR—*Evidence Not Sufficient to Support Conviction of Transporting.*—In the instant case accused was convicted of transporting intoxicating liquor, upon the evidence of officers that the accused had the reputation of violating the prohibition law and the testimony of a witness that accused took a can from behind a churn in her kitchen and carried it to the barn. The witness did not smell or taste any whiskey at her house, but a few minutes later she went down to the barn where the defendant and others were and smelt whiskey. Defendant had the can that he had taken from the house.

   *Held:* That the facts did not establish the guilt of the accused beyond a reasonable doubt.

3. SENTENCE AND PUNISHMENT—*Suspension of Execution—Application for a Writ of Error—Section 4930 of the Code of 1919.*—Section 4930 of the Code of 1919 clearly vests in the trial court a sound judicial discretion in the matter of suspending or postponing the execution of its judgment; but this discretion cannot be exercised in such manner as to deprive one convicted of crime of a fair opportunity to apply for a writ of error. A writ of error from the Supreme Court of Appeals to a circuit court lies in favor of the accused in every case of the conviction of crime (Code of 1919, sec. 4931), and to refuse to suspend a judgment of imprisonment is a denial of the right to a writ of error conferred by statute. This the trial court has no right to do.

4. BAIL AND RECOGNIZANCE—*Suspension of Sentences—Application for Writ of Error—Case at Bar.*—In misdemeanor cases, when the judgment is suspended, the statute requires the trial court or judge to admit the accused to bail. In the instant case a part of the judgment was confinement in jail for thirty days. The refusal to suspend this

> sentence and putting it into immediate execution was a refusal of
> the right to apply for a writ of error, and was error.

Error to a judgment of the Circuit Court of Buchanan county.

*Reversed.*

The opinion states the case.

*Chase & McCoy,* for the plaintiff in error.

*John R. Saunders, Attorney General, Lewis H. Machen* and *Leon M. Bazile, Assistant Attorneys General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was indicted, tried and convicted for "transporting whiskey," and was sentenced to pay a fine of fifty dollars and to imprisonment for thirty days. He moved to set aside the verdict as "contrary to the law and the evidence and without evidence to support it," which motion the trial court overruled. This ruling of the trial court is the only error assigned.

The only evidence offered by the Commonwealth was the testimony of May Ramey as to the offense charged, and that of A. V. Short, a Federal prohibition officer, and of B. F. Little, a deputy sheriff, that the accused had the reputation of violating the prohibition law. The testimony of May Ramey was as follows:

"My name is May Ramey. I married Freel Ramey, a brother of the defendant. Last April, 1925, the defendant, Toll Ramey, came to my house, and picked up a can from behind the churn in my kitchen, and carried the can out of the house. This was in Buchanan county, Virginia. This can contained something. I do not know who put it behind the churn. The defend-

ant went down to the barn. I went down to the barn in about fifteen or twenty minutes after the defendant went to the barn. When I got down to the barn I saw Freel Ramey, Charlie Mullins and the defendant at the barn. I smelt whiskey at the barn. I did not smell or taste any of the whiskey at my home, when the defendant was there and when he had the can with something in it. I do not know that the whiskey I smelt at the barn was the same thing as was in the can which was carried by the defendant from my house, but it was whiskey and I know he would not be carrying water to the barn.

"I am not mad at the defendant. I did not want to indict him. My husband and I are in litigation, but the defendant has been good to me. I was brought here on a rule issued by the court."

The defendant denied having had any whiskey at May Ramey's house or of having carried any to the barn.

The brief of the Attorney General practically admits the insufficiency of the evidence to support the verdict. It is there said: "The evidence in this case is slight. * * * The jury appeared to have concluded from the failure of the accused to explain the contents of the can and from the additional fact that the reputation of the accused as a violator of the prohibition law was bad, that notwithstanding the denial of the accused, he was transporting whiskey at the time mentioned in the indictment."

[1, 2] The jury had no right to draw any such conclusion. The citizen is not to be deprived of his liberty upon mere suspicion, however strong. To the suspicious, "trifles light as air are * * confirmation strong as proofs of holy writ." Every fact necessary to establish the guilt of the accused must be proved beyond a

reasonable doubt.    Unless the facts proved are incon-sistent with the innocence of the accused, he must be acquitted.    In the instant case  the facts proved do not establish the guilt of the accused beyond a reasonable doubt.

[3, 4] The trial court refused to suspend the execution of the judgment and to bail the accused for a reasonable time to enable him to apply for a writ of error.    This is assigned as error.

The statute applicable to the case is copied in the margin.*    In misdemeanor cases the statute clearly vests in the trial court a sound judicial discretion in the matter of suspending or postponing the execution of its judgment; but this discretion cannot be exercised in such manner as to deprive one convicted of crime of a fair opportunity to apply for a writ of error.    A writ of error from this court to a circuit court lies in favor of the accused in every case of the conviction of crime (Code sec. 4931), and to refuse to suspend a judgment of imprisonment is a denial of the right to a writ of error conferred by statute.    This the trial court has no right to do.    It need not suspend the judgment for any specific length of time, but it should, upon request, suspend it for such length of time as, under all the circumstances, will enable the accused to obtain a copy of the record

* *"Sec. 4930.   When executions of sentence to be suspended.*—If a person sentenced by a circuit or corporation court to death or confinement in the penitentiary ask for time to apply for a writ of error, the said court shall postpone the execution of its sentence until a reasonable time beyond the first day of the next term of the Supreme Court of Appeals, not exceeding thirty days after that day.   In any other criminal case, wherein judgment is given by any court, and in any case of judgment for a contempt, to which a writ of error lies, the court giving such judgment may postpone the execution thereof for such time and on such terms as it deems proper.   And in any case after conviction and sentence, or the execution thereof is suspended in accordance with this section, or for any other cause, the court, or the judge thereof in vacation may, and in any case of a misdemeanor shall, let the prisoner to bail in such penalty and for appearance at such time as  the nature of the case may require.   A writ of error from the Supreme Court of Appeals shall lie to any such judgment refusing bail or requiring excessive bail."

and present his petition for a writ of error to one of the judges of this court. In misdemeanor cases, when the judgment is suspended, the statute requires the trial court or judge to admit the accused to bail In the instant case a part of the judgment was confinement in jail for thirty days. The refusal to suspend this sentence and putting it into immediate execution was a refusal of the right to apply for a writ of error, and was error.

For the errors aforesaid, the judgment of the trial court will be reversed, the verdict of the jury set aside and the cause remanded for a new trial, if the Commonwealth shall be so advised.

*Reversed.*