COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


EARL EUGENE ASKEW
                                                            OPINION BY
v.        Record No. 1966-05-1            JUDGE ELIZABETH A. McCLANAHAN
                                                        DECEMBER 12, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                              C. Peter Tench, Judge

                Charles E. Haden, for appellant.

                Robert Bryden, Assistant Attorney General (Robert F. McDonnell,
                Attorney General; Richard B. Smith, Senior Assistant Attorney
                General, on brief), for appellee.


        Earl Eugene Askew appeals the trial court's denial of his motion for bail pending the

appeal of his underlying conviction for possession of a firearm as a convicted felon.  Askew

contends the court erred in ruling it was divested of jurisdiction to consider the motion because

Askew filed the motion subsequent to filing his notice of appeal on the firearm conviction.  For

the following reasons, we reverse the trial court and remand for its consideration of the motion

for bail.

                                I.  BACKGROUND

        Upon his conviction for unlawful possession of a firearm as a convicted felon in violation

of Code § 18.2-308.2, Askew was sentenced on July 27, 2005 to three years imprisonment, with

one year suspended.  On August 11, 2005, Askew filed a notice of appeal.  On August 17, 2005,

Askew filed a motion for bail pending the appeal, pursuant to Code § 19.2-319.  On August 31,

2005, the trial court, citing Walton v. Commonwealth, 256 Va. 85, 501 S.E.2d 134 (1998), ruled

it "was divested of jurisdiction [to act on the motion] because the notice of appeal has been filed" in this case.[1]  This appeal followed.[2]

## II.  ANALYSIS

Code § 19.2-319 is the statutory basis upon which a trial court entertains a defendant's request for post-conviction bail.  Commonwealth v. Smith, 230 Va. 354, 362, 337 S.E.2d 278, 282 (1985).  Because this case presents "a question of law . . . involv[ing] the interpretation and application" of this statute, "we review the trial court's judgment *de novo*."  Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006); see Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) ("[W]e review the trial court's statutory interpretations and legal conclusions *de novo*." (internal quotation marks and citation omitted)).

Code § 19.2-319 provides, in pertinent part:

> If a person sentenced by a circuit court to death or confinement in the state correctional facility indicates an intention to apply for a writ of error, the circuit court shall postpone the execution of such sentence for such time as it may deem proper.
>
> \*     \*     \*     \*     \*     \*     \*
>
> In any case after conviction if the sentence, or the execution thereof, is suspended in accordance with this section, or for any other cause, the court, or the judge thereof, may . . . set bail in such penalty and for appearance at such time as the nature of the case may require . . . .
>
> \*     \*     \*     \*     \*     \*     \*
>
> . . . A writ of error from the Court of Appeals shall lie to any such judgment refusing bail or requiring excessive bail . . . .

---

[1] The trial court did not suspend execution of Askew's sentence pending the appeal of his unlawful firearm possession conviction.

[2] Askew's appeal of his firearm conviction has been addressed in a separate proceeding before this Court.

- 2 -

Askew argues that the trial court retained ancillary jurisdiction under Code § 19.2-319 to consider his motion for bail after he filed the notice of appeal on his underlying conviction and that the court misapplied Walton as authority for its ruling to the contrary. We agree.

The Commonwealth concedes the trial court's reasoning for denying Askew's motion for bail, based on Walton, was erroneous. In Walton, the Supreme Court held "the trial court was divested of jurisdiction once the defendant filed his notices of appeal." Walton, 256 Va. at 95, 501 S.E.2d at 140.[3] That holding, however, as the Commonwealth points out, was limited to an issue regarding a Supreme Court appeal of a defendant's death sentences following his capital murder convictions, which was governed by Rule 5:22—unlike criminal appeals in non-death penalty cases. See Rule 5:22 (a "Special Rule Applicable to Cases in Which Sentence of Death Has Been Imposed").

The Commonwealth contends, instead, that the trial court is not completely divested of its jurisdiction in a non-death penalty case until the petition for appeal is filed,[4] which had not occurred at the time of the trial court's ruling on the motion for post-conviction bail in the instant case. Nevertheless, as the Commonwealth further contends, pursuant to Code § 19.2-319, the trial court must suspend execution of the sentence before it can set post-conviction bail. Further, the Commonwealth asserts the trial court may not order such suspension after the sentence becomes final in twenty-one days under Rule 1:1. Absent such suspension, the court loses

---

[3] The Supreme Court went on to explain in Walton, "[w]e have stated that the 'orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease.'" Id. at 95, 501 S.E.2d at 140 (quoting Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982)).

[4] In support of this assertion, the Commonwealth cites two non-death penalty cases, Greene, 223 Va. at 212, 288 S.E.2d at 448, and Lamb v. Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981), in each of which the Supreme Court held that it acquired jurisdiction over the case upon the filing of appellant's petition for appeal.

jurisdiction to grant post-conviction bail under Code § 19.2-319, as occurred here.  Thus, the Commonwealth concludes the trial court reached the right result in this case, albeit for the wrong reason.

We agree that under the express terms of Code § 19.2-319 postponement or suspension of execution of the sentence is a pre-condition for setting post-conviction bail.  However, we further conclude (i) that regardless of the finality of the sentence the trial court is required under Code § 19.2-319 to suspend execution of the sentence, upon a defendant's timely request, when made for the purpose of preparing a petition for appeal; (ii) that, as an ancillary matter, the trial court may otherwise suspend execution of the sentence at any time during the pendency of the appeal, pursuant to Code § 19.2-322.1[5]; and (iii) that, as an ancillary matter, the trial court may set bail at any time during the pendency of the appeal after it has suspended execution of the sentence.

## A.  Suspension of Execution of Sentence

Code § 19.2-319 provides, in paragraph one, that when a convicted defendant "indicates an intention to apply for a writ of error" the trial court "shall postpone the execution of [defendant's] sentence for such time as it may deem proper."  First, under basic principles of statutory construction, this part of the statute must be read in conjunction with Code § 19.2-325 and Rule 5A:6(a), granting a defendant thirty days to file a notice of appeal with the trial court.[6]

---

[5] Code § 19.2-322.1 provides that "[e]xecution of a judgment from which an appeal to the Court of Appeals or the Supreme Court is sought may be suspended during an appeal provided the appeal is timely prosecuted and an appeal bond is filed as provided in § 8.01-676.1."

We note that, unlike the instant case, such bond would be required where, for example, the defendant is held in criminal contempt for failure to pay arrearages in child support and must post an appeal bond for those arrearages in order to perfect an appeal of the contempt conviction, pursuant to Code § 16.1-296(H).

[6] Code §§ 19.2-319 and 19.2-325 are set forth in Title 19.2, Chapter 19 (Code §§ 19.2-317 through 19.2-327), all of which pertain to criminal appeals.  Code § 19.2-325 incorporates by reference Code § 8.01-675.3, which grants thirty days to file a notice of appeal to this Court.

See Colbert, 47 Va. App. at 395, 624 S.E.2d at 110 ("[S]tatutes *in pari materia* must be considered together in construing their various material provisions."); Austin v. Commonwealth, 42 Va. App. 33, 40, 590 S.E.2d 68, 72 (2003) ("[C]losely related statutes must be read as being consistent with one another."); Hulcher v. Commonwealth, 39 Va. App. 601, 605, 575 S.E.2d 579, 581 (2003) ("[P]roper construction seeks to harmonize the provisions of a statute . . . in relation to other statutes." (internal quotation marks and citation omitted)); Cilman v. Va. State Bar, 266 Va. 66, 71, 580 S.E.2d 830, 833 (2003) ("When a statute and a rule of [the Supreme] Court address the same or a related subject matter, the proper construction . . . avoids any conflict between rule and statute and permits the two to work alongside each other in . . . a harmonious manner." (internal quotation marks and citation omitted)).

Guided by these principles, we hold that under Code § 19.2-319 a defendant has a co-equal period of thirty days to so indicate his "intention to apply for a writ of error," regardless of the finality of the sentence under Rule 1:1, after which execution of the sentence is subject to suspension under the statute. See Peterson v. Commonwealth, 225 Va. 289, 297, 302 S.E.2d 520, 525-26 (1983) (suspension of execution of the sentence does not affect the finality of the judgment (citing Code § 19.2-319; Hirschkop v. Commonwealth, 209 Va. 678, 166 S.E.2d 322 (1969))). This construction of Code § 19.2-319 is not in conflict with Rule 1:1, however, but rather is consistent with its express terms.[7]

---

[7] Rule 1:1 provides, in its entirety, as follows:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. *But notwithstanding the finality of the judgment, in a criminal case the trial court may postpone execution of the sentence in order to give the accused an opportunity to apply for a writ of error and supersedeas; such postponement, however, shall not extend the time limits hereinafter prescribed for applying for a writ of error.* The date of entry of

- 5 -

Second, the Code § 19.2-319 requirement that the trial court suspend execution of a defendant's sentence is limited to a request for such suspension made specifically for the purpose of preparing defendant's petition for appeal. Ramey v. Commonwealth, 145 Va. 848, 851-52, 133 S.E. 755, 756 (1926); Strohecker v. Commonwealth, 23 Va. App. 242, 251, 475 S.E.2d 844, 849-50 (1996). In Ramey, the trial court refused to suspend execution of the defendant's sentence and "put[] it into immediate execution." Ramey, 145 Va. at 852, 133 S.E. at 756. The Supreme Court reversed the trial court, holding that the court's action "was a refusal of the right to apply for a writ of error, and was error" under the provisions of Code § 19.2-319's predecessor. Id. The Supreme Court explained, "[the trial court] need not suspend the judgment for any specific length of time, but it should, upon request, suspend it for such length of time as, under all the circumstances, will enable the accused to obtain a copy of the record and present his petition for a writ of error . . . ." Id. at 851-52, 133 S.E. at 756.

In Strohecker, the defendant filed a motion with the trial court requesting that "execution of [his] sentence be postponed pending action by the Court of Appeals" on the appeal of his conviction. Strohecker, 23 Va. App. at 250, 475 S.E.2d at 848. The trial court denied the motion. On appeal, this Court, relying on Ramey, affirmed the trial court. We explained:

any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

(Emphasis added.)
    We note, however, that "[i]n the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment." Code § 8.01-3(D). For example, Code § 19.2-303 expressly "permits the trial court, in cases where the defendant 'has been sentenced for a felony to the Department of Corrections but has not actually been transferred to . . . the Department,' to retain jurisdiction beyond the twenty-one-day limit of Rule 1:1 to 'suspend or otherwise modify the unserved portion of such sentence.'" Patterson v. Commonwealth, 39 Va. App. 610, 617, 575 S.E.2d 583, 586 (2003) (quoting Code § 19.2-303); see Neely v. Commonwealth, 44 Va. App. 239, 604 S.E.2d 733 (2004), aff'd, 271 Va. 1, 624 S.E.2d 657 (2006) (holding trial court retained jurisdiction for nearly four years in which to modify defendant's sentence pursuant to Code § 19.2-303).

> Code § 19.2-319 provides for the postponement of the execution of a sentence in order to give "a fair opportunity to apply for a writ of error." Ramey, [145 Va.] at 851, 133 S.E. at 756. Here, appellant made no assertion to the trial court that he needed additional time to prepare his petition for appeal; rather, from appellant's motion it appears that he misconstrued the statute, requesting that execution of his sentence be postponed "pending action by the Court of Appeals . . . ." Code § 19.2-319 provides for no such relief. We [thus] find no prejudice to appellant by the trial court's refusal to suspend execution of this sentence.

Strohecker, 23 Va. App. at 251, 475 S.E.2d at 848.

In contrast, Code § 19.2-322.1 gives the trial court the discretionary authority, as a matter of its ancillary jurisdiction, to suspend the execution of a sentence by expressly providing that execution of such judgment "*may* be suspended *during* an appeal." (Emphasis added.) See Smith, 230 Va. at 357, 337 S.E.2d at 279 (explaining that, because a "[post-conviction] bail proceeding is not an integral part of the guilt-innocence determination," the proceeding "is ancillary to the criminal prosecution"); Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995) (noting a trial court retains jurisdiction over "ancillary questions" during an appeal). In other words, pursuant to this statute, any suspension of the execution of a sentence apart from or in addition to the time needed for preparation of a defendant's petition for appeal is not mandatory—as under Code § 19.2-319—but rather discretionary, at whatever stage of the appeal it may be granted.

B. Post-Conviction Bail

Rule 1:1 also does not govern the time frame during which the trial court may set bail pending appeal. Instead, it is governed by Code § 19.2-319, which places no limit on when the trial court may consider post-conviction bail, other than the condition that such bail may be set only upon the postponement or suspension of the execution of sentence.[8] Therefore, we hold

---

[8] Because of this statutory requirement, it is axiomatic that a request for post-conviction bail is tantamount to a request for suspension of the execution of sentence.

that post-conviction bail may be set at any time during the pendency of the appeal, subject to the aforesaid condition, regardless of the finality of the sentence under Rule 1:1. A contrary construction of Code § 19.2-319, as urged by the Commonwealth, would "result in internally conflicting statutory provisions amounting to a manifest absurdity." Dairyland Ins. Co. v. Sylva, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991). And "[w]here a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found." Colbert, 47 Va. App. at 402-03, 624 S.E.2d at 114 (citations and internal quotation marks omitted). The Commonwealth's construction would also read limits into the statute that the General Assembly chose not to impose upon the trial court in its consideration of post-conviction bail. As the Supreme Court stated in Gonzalez v. Fairfax Hosp. Sys., Inc., 239 Va. 307, 310-11, 389 S.E.2d 458, 460 (1990) (citation omitted), we are "invite[d] . . . to read the [statute] more narrowly than it is written. We decline the invitation. When there is a claim that the language employed in a statute is too broad in its scope, the fault, if any, should be corrected by the General Assembly, not by this Court."

Furthermore, our construction of Code § 19.2-319 does not conflict with the appellate court's jurisdiction over a criminal case upon appeal, or, more specifically, the principle set forth in Walton that upon the appellate court acquiring jurisdiction of a case the jurisdiction of the trial court from which the appeal was taken must end, in the interest of "orderly administration of justice." Walton, 256 Va. at 95, 501 S.E.2d at 140 (citation and internal quotation marks omitted). Once again, an appeal does not divest the trial court of jurisdiction over ancillary matters reserved to it by statute. See Tyson v. State, 593 N.E.2d 175, 179-80 (Ind. 1992) ("Whether or not [the criminal defendant] receives bail pending his appeal does not involve this Court's appellate jurisdiction over the merits of [defendant's] appeal in chief.").

In this case, the trial court's ongoing authority over issues pertaining to bail pending appeal, including issues of bail violation and revocation, is merely an exercise of the trial court's ancillary jurisdiction under Code § 19.2-319, separate and apart from the appellate court's jurisdiction "over those aspects of the [defendant's criminal] case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see Smith, 230 Va. at 357, 337 S.E.2d at 279 (post-conviction bail is ancillary to the criminal prosecution); cf. Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982), and Lamb v. Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981) (each addressing the appellate court's jurisdiction acquired over matters directly related to the appeal) (see *supra* note 4). In Smith, in the context of holding that the Commonwealth was entitled to appeal a decision granting post-conviction bail, the Supreme Court explained:

> The analysis first must take into account the specific nature of a post-conviction bail proceeding and the extent of its link to the criminal prosecution itself. Upon close examination, several obvious aspects of the bail question point to the conclusion that the proceeding is somewhat separate and distinct from the main criminal prosecution. For example, the most striking factor differentiating the proceedings is that guilt or innocence of the accused is not at issue in the bail proceeding. Also, the ultimate burden of proof on entitlement to bail is upon the prisoner and not the Commonwealth. And, from a practical standpoint, appellate issues relating to bail routinely are handled separately from the issues in the criminal prosecution and often are the subject of separate petitions for appeal. Thus, a bail proceeding is not an integral part of the guilt-innocence determination. Rather, it is *ancillary* to the criminal prosecution.

Smith, 230 Va. at 357, 337 S.E.2d at 279 (emphasis added); see United States v. Myers, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (noting an appeal in a criminal case does not divest the trial court of statutory authority to decide whether a convicted defendant is to be released pending appeal (citing United States v. Affleck, 765 F.2d 944, 954 (10th Cir. 1985); Fed. R. App. P. 9)); United States v. Queen, 847 F.2d 346, 350 (7th Cir. 1988) (holding the trial court retains limited

jurisdiction to take certain post-appeal actions in criminal cases, including authority to enforce its own judgment concerning a defendant's violation of a post-conviction release condition).

Finally, while the precise issue on appeal in this case appears to be one of first impression for a Virginia appellate court, we note our holding is consistent with the Supreme Court's granting of a writ of error and supersedeas in Wampler v. Norton, 134 Va. 606, 612, 113 S.E. 733, 735 (1922). The defendants in Wampler moved the trial court for bail pending appeal, which was denied. Defendants challenged the ruling on appeal, in conjunction with the appeal of their convictions. In disposing of the bail issue, the Wampler Court explained:

> The writ of error and suspersedeas was granted by one of the judges of this court in vacation by the following endorsement on the petition: "Writ of error and supersedeas awarded. No bond. The supersedeas not to operate to discharge the prisoners from custody if in custody nor to release their bail if out on bail, *but they may again apply for bail to the circuit court . . . .*"

Id. (emphasis added). The full Court, however, did not address the trial court's initial denial of bail on the merits because it was "admitted by counsel that as soon as the writ of error was granted both defendants again applied for and were allowed bail." Id. The Court thus deemed it "unnecessary to further notice this assignment." Id.

For these reasons, we reverse the trial court and remand this case for consideration of Askew's motion for bail.

Reversed and remanded.