COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Elder and McClanahan
Argued at Alexandria, Virginia


WALTER E. CUADRA NERIA, A/K/A
   WALTER E. CUADRA
                                          MEMORANDUM OPINION[*] BY
v.        Record No. 3088-07-4            JUDGE LARRY G. ELDER
                                                MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

       Patrick M. Blanch, Assistant Public Defender, for appellant.

       Jennifer C. Williamson, Assistant Attorney General (Robert F.
       McDonnell, Attorney General, on brief), for appellee.


       Walter E. Cuadra Neria (appellant) was convicted by a jury of driving while intoxicated,

his fourth such offense within ten years, in violation of Code §§ 18.2-266 and 18.2-270.  He

appeals the imposition of a fine of $2,500 in conjunction with his sentence of four years and six

months incarceration, alleging that the fine exceeded the lawful range of punishment.  Because

the sentence falls within the parameters established by Code § 18.2-270(C), we affirm.

I.

BACKGROUND

       On November 22, 2003, appellant was arrested and charged with driving under the

influence, a fourth or subsequent offense within ten years, in violation of Code §§ 18.2-266 and

18.2-270.  Appellant was convicted in a jury trial on November 28, 2006.  During the sentencing

phase of the trial, with appellant's consent, the trial court gave the following instruction:  "Upon

-------------------------------------------------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

consideration of all the evidence you have heard, you shall fix his punishment at, one, a specific term of imprisonment, but not less than one year nor more than five years, and two, a fine of not more than $2,500." The jury recommended incarceration of four years and six months and a $2,500 fine.

Appellant subsequently moved to set aside the sentence on the ground that the fine of $2,500 exceeded the amount permitted by statute. The trial court denied appellant's motion and imposed the full sentence recommended by the jury.

II.

ANALYSIS

Appellant challenges the imposition of a fine of $2,500 in conjunction with his sentence of four years and six months incarceration under Code § 18.2-270(C). He argues that the imposition of this fine exceeds the lawful range of punishment set by Code § 18.2-10(f) for Class 6 felonies. Because we are asked to interpret two different statutes, we review the trial court's application of these code sections *de novo*. See Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006); Askew v. Commonwealth, 49 Va. App. 127, 130, 638 S.E.2d 118, 119 (2006).

A.

HARMONIZING CODE §§ 18.2-270(C) AND 18.2-10(f)

Appellant was found guilty of driving under the influence, fourth or subsequent offense in a ten-year period, in violation of Code §§ 18.2-266 and 18.2-270.[1] Code § 18.2-270(C)

---

[1] In 2006, Code § 18.2-270 was amended to include subsection (F), which states:

> Mandatory minimum punishments imposed pursuant to this section shall be cumulative, and mandatory minimum terms of confinement shall be served consecutively. However, in no case shall punishment imposed hereunder exceed the applicable statutory maximum Class 1 misdemeanor term of confinement or

classifies such an offense as a Class 6 felony. The statute further provides that the "punishment of any person convicted of a fourth or subsequent offense of § 18.2-266 committed within a 10-year period shall, upon conviction, include a mandatory minimum term of imprisonment of one year. In addition, such person shall be fined a mandatory minimum fine of $1,000."

Code § 18.2-10(f) states that the punishment for a Class 6 felony is "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both."

Appellant argues that a harmonization of these two statutes limited the fine that might be imposed on him to $1,000. This is so, he contends, because Code § 18.2-10(f), standing alone, permits imposition of a fine of up to $2,500 only in conjunction with a sentence of up to 12 months incarceration and does not permit imposition of any fine with a sentence of one to five years imprisonment. Appellant recognizes that Code § 18.2-270(C) requires a mandatory minimum sentence of one year for a fourth or subsequent offense, making the mandatory sentencing range for his offense one to five years. He also recognizes that Code § 18.2-270(C) requires a mandatory minimum fine of $1,000. Finally, he recognizes that the more specific mandatory minimum fine provision of Code § 18.2-270(C) governs. Nevertheless, he contends that because Code § 18.2-10(f) allows a fine only with a sentence of 12 months or less, that

fine upon conviction of a first or second offense, or Class 6 felony term of confinement or fine upon conviction of a third or subsequent offense.

Because the crime for which appellant was convicted occurred on November 22, 2003, we "must examine the statute that was in effect at that time." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 357 (2007); see Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903-04 (1977) (declining to adjust defendant's sentence when the General Assembly reduced the penalty of the crime for which he was convicted during the pendency of his appeal). Thus, our analysis does not consider subsection (F).

- 3 -

provision limits the fine that may be authorized by Code § 18.2-270(C) to the fine specifically set out in Code § 18.2-270(C)—$1,000. We disagree.

"It is axiomatic that a convicted criminal defendant must be sentenced according to the range of punishments authorized for the crime of which he was convicted." Moore v. Commonwealth, 27 Va. App. 192, 196, 497 S.E.2d 908, 910 (1998). However, we are bound "by the plain meaning of unambiguous statutory language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327-28 (2006). Moreover, "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." Va. Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979).

Here, the provisions of Code § 18.2-270(C) address the specific subject of enhanced punishments for criminal defendants who commit multiple violations of Code § 18.2-266 in a given time frame. Code § 18.2-10(f) addresses the subject of punishments available for Class 6 felonies in general. Thus, to the extent that the two statutes conflict, Code § 18.2-270 prevails as the more specific statute.

The Supreme Court considered a similar issue in Rawls v. Commonwealth, 272 Va. 334, 634 S.E.2d 697 (2006), which involved the interplay between Code § 18.2-10(f)'s general range of punishment for a Class 6 felony and Code § 18.2-308.2's mandatory minimum penalties for various grades of the offense of possession of a firearm by a convicted felon. Id. at 340, 634 S.E.2d at 699. The permissible range of Rawls's sentence under Code § 18.2-308.2 depended upon whether the prior conviction was for a felony designated as a "violent felony" or "any other felony." Id. at 347, 634 S.E.2d at 703. Although not implicated in Rawls's case, the appropriate sentencing range under the statute further depended upon whether the conviction, if not for a

violent felony, had been rendered within ten years prior to the firearm possession. See Code

§ 18.2-308.2(C). In harmonizing Code §§ 18.2-10(f) and 18.2-308.2, the Supreme Court

reasoned as follows:

> Under the statutory scheme set forth in Code § 18.2-308.2(A),
> when it is established that the defendant was previously convicted
> of such a violent felony, the mandatory minimum sentence is a
> term of imprisonment of five years. Since a violation of
> Code § 18.2-308.2(A) is a Class 6 felony punishable under
> Code § 18.2-10 by a term of imprisonment between one and five
> years, the mandatory minimum sentence for a defendant convicted
> of possession of a firearm after a previous violent felony
> conviction equals the statutory maximum sentence. Conversely, in
> cases involving a prior conviction of any other felony [within ten
> years prior to the firearm possession], the mandatory minimum
> sentence is a term of imprisonment of two years under Code
> § 18.2-308.2(A). Thus, under this statutory scheme, a defendant
> who was previously convicted of any felony other than one
> designated as a violent felony under Code § 17.1-805[, within ten
> years of the firearm possession,] is subject to a sentence of a term
> of imprisonment of two years (the mandatory minimum) to five
> years (the maximum).

Rawls, 272 Va. at 347-48, 634 S.E.2d at 703-04. In this fashion, the Court was able to

harmonize Code § 18.2-10(f) with the more specific statute at issue in that case to determine the

appropriate sentencing range for each variation of the proscribed offense.

In appellant's case, as appellant concedes, the General Assembly clearly and

unambiguously intended that upon his conviction for violating Code § 18.2-270(C), he was

subject, at the very minimum, to imprisonment of one year *and* a fine of $1,000. See

Code § 18.2-270(C) (requiring that the court "*shall* . . . include a mandatory minimum term of

imprisonment of one year[,]" and "[*in*] *addition*, such [defendant] *shall* be fined a mandatory

minimum fine of $1,000" (emphasis added)). Appellant nevertheless contends that a

harmonization of Code § 18.2-270(C) with § 18.2-10(f) compels the conclusion that the

mandatory minimum fine of $1,000 set out in Code § 18.2-270(C) also constitutes the maximum

fine allowed because no fine whatever is authorized by Code § 18.2-10(f) where the punishment imposed is one to five years incarceration.

We reject this claim because the fine provisions of the two statutes directly conflict with each other. In Rawls, Code § 18.2-308.2's mandatory minimum sentence of five years for possession of a firearm after conviction of a violent felony was *equal to* the maximum sentence allowed under Code § 18.2-10(f), thereby permitting harmonization of the two. In appellant's case, by contrast, Code § 18.2-10(f) does not authorize imposition of *any* fine in conjunction with a sentence of one to five years imprisonment, see Smith v. Commonwealth, 222 Va. 700, 702, 284 S.E.2d 590, 591 (1981) (in interpreting Code § 18.2-10(f), holding "[t]he disjunctive language of the statute prescribed penalties in the alternative" such that the court "might originally have imposed up to five years in the penitentiary *or* up to twelve months in jail and a fine"), whereas Code § 18.2-270(C) *compels* imposition of a fine of at least $1,000.

Because Code §§ 18.2-270(C) and 18.2-10(f) cannot be harmonized, the more specific statute—Code § 18.2-270(C)—prevails, and we analyze appellant's sentence to determine whether it is compliant with that statute only. The statute sets a "mandatory minimum fine of $1,000." The plain, obvious, and rational meaning of "mandatory minimum fine of $1,000" is that the trial court or jury has the discretion to impose a pecuniary punishment greater than $1,000, and nothing in the statute supports a different conclusion. Thus, setting the fine at $2,500 was clearly within the discretion of the jury.

B.

JURY INSTRUCTION AND REQUEST FOR RESENTENCING

Appellant argues that Instruction No. 12 was facially incorrect. The instruction provided that, "you shall fix his punishment at, one, a specific term of imprisonment, but not less than one year nor more than five years, and two, a fine of not more than $2,500." Both appellant's

- 6 -

counsel and the Commonwealth discussed this instruction with the trial judge while the jury deliberated. The inclusion of the $2,500 maximum fine appears to be an effort to harmonize Code § 18.2-270(C)'s imprisonment guidelines with Code § 18.2-10(f)'s maximum on pecuniary punishment, though it did not incorporate the mandatory minimum fine of $1,000 under Code § 18.2-270(C).

"When reviewing jury instructions, an appellate court must ensure that the law has been 'clearly stated' and that the 'instructions cover all issues' fairly raised by the evidence." Mouberry v. Commonwealth, 39 Va. App. 576, 581, 575 S.E.2d 567, 569 (2003) (quoting Tice v. Commonwealth, 38 Va. App. 332, 339, 563 S.E.2d 412, 416 (2002)). In this case, Instruction No. 12 erroneously left out the mandatory minimum fine of $1,000. As stated above, Code § 18.2-270(C) is the prevailing statute and requires that a defendant be fined at least $1,000. Because the punishment fits within the statutory requirements of Code § 18.2-270(C) and does not prejudice appellant, appellant is not entitled to a new sentencing proceeding.

III.

CONCLUSION

For these reasons, we affirm the judgment of the trial court and appellant's sentence.

Affirmed.