COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present: Judges Beales, Friedman and Callins
Argued at Richmond, Virginia

ALEKSEY GENNADIYEV YEMEL'YANOV

v.      Record No. 0450-22-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
JANUARY 10, 2023

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

Edward K. Nickel (Parcell, Webb & Baruch, P.C., on brief), for
appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Aleksey G. Yemel'yanov was found guilty in a bench trial in the Henrico County Circuit

Court of felony driving under the influence of alcohol, third conviction within five years, in

violation of Code §§ 18.2-266 and 18.2-270(C)(1). On appeal, appellant challenges the validity

of his second DUI conviction as a predicate conviction, arguing that it was not a final judgment

because the trial court had suspended execution of the sentence and because his appeal of the

conviction to this Court was still pending when he was tried for his third DUI offense on

November 3, 2021.

## I. BACKGROUND

Appellant committed his first DUI offense on September 29, 2019, and was convicted on

February 18, 2020. He committed his second DUI offense on December 2, 2020, and was

convicted on July 14, 2021. The trial court suspended execution of the sentence for ninety days

on August 30, 2021, so appellant could note his appeal to this Court. This Court granted his petition for appeal on December 6, 2021 (Record No. 0886-21-2).

Appellant committed his third DUI offense on December 17, 2020. In response to a 911 call from a concerned citizen, a Henrico police officer made a traffic stop of appellant's vehicle. A subsequent blood test showed that appellant's blood alcohol content ("BAC") was 0.405% by weight by volume. Appellant does not contest that he was driving under the influence of alcohol on December 17, 2020. He challenges only the use of his second DUI conviction as a predicate conviction.

The trial court ruled that the conviction for the second offense was admissible but invited the parties to submit additional legal authority and scheduled the sentencing hearing for February 23, 2022. The trial court was informed at the sentencing hearing that appellant had moved to withdraw his appeal of the second conviction on January 31, 2022, although this Court had not yet acted on his motion.[1] The trial court reiterated its ruling that the second DUI conviction was admissible and sentenced appellant to five years in prison with two years suspended.

## II. ANALYSIS

### A. A Conviction Pending on Appeal Is a Final Judgment

The dispositive issue before this Court is whether a conviction pending on appeal is a final judgment that may be used as a predicate conviction to convict appellant of felony DUI and enhance his punishment. Because the issue concerns "a pure question of law," we conduct *de novo* review. *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)); *Nelson v. Commonwealth*, 71 Va. App.

---

[1] The Court formally granted appellant's motion to withdraw his appeal on March 4, 2022.

397, 402 (2020). Further, when interpreting a statute, we apply the plain meaning of the statutory language unless doing so would lead to an absurd result. *Taylor*, 298 Va. at 341.

Code § 18.2-270(C)(1) states, "Any person convicted of three offenses of § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be guilty of a Class 6 felony." If the three convictions occurred within five years, the person's sentence "shall include a mandatory minimum sentence of confinement for six months" and "a mandatory minimum fine of $1,000." *Id.* In contrast, the sentence for a person "convicted of a second offense committed within less than five years after a prior offense" is a $500 fine and confinement in jail for one month to one year. Code § 18.2-270(B)(1).

The plain language of Code § 18.2-270 provides that a third DUI conviction is a required element to establish that the offense is a felony and to enhance the punishment imposed. This Court has stated, "[W]here the prior conviction establishes an element of a crime . . . 'a "conviction" is . . . established [or] a person [is] deemed to have been "convicted" . . . [where] it is shown [that the fact finder has rendered a verdict and] that a judgment has been pronounced upon the verdict.'" *M.G. v. Albemarle Cnty. Dep't of Soc. Servs.*, 41 Va. App. 170, 185 (2003) (all alterations and omissions, except the first alteration and the first omission, are in the original) (quoting *Smith v. Commonwealth*, 134 Va. 589, 598 (1922)). Furthermore, as the Supreme Court has stated, "imposition of sentence cannot be part of the rendition of a judgment of conviction." *Lewis v. Commonwealth*, 295 Va. 454, 465 (2018).[2]

---

[2] In *Lewis*, the defendant committed assault and battery against a family or household member in October and December and was tried sequentially on the same day for both offenses. 295 Va. at 458-60. The Supreme Court held that the defendant had been convicted of the October offense for purposes of enhancing his punishment on the December offense even though he had not been sentenced yet for the October offense. The Court determined that because the trial court had found the defendant guilty, imposing sentence was not a part of rendering a judgment of conviction. *Id.* at 464-65.

In criminal cases, only final judgments may be appealed. *See* Code § 17.1-406(A); *Martinez v. Commonwealth*, 296 Va. 387, 389-90 (2018) (holding that a competency determination was not a final judgment that could be appealed); *Randolph v. Commonwealth*, 45 Va. App. 166, 168-70, 175 (2005) (holding that where the trial court had found the evidence sufficient to find the defendant guilty of possession of cocaine, but deferred disposition and granted the defendant first offender status, this Court lacked jurisdiction to consider the defendant's challenge to the sufficiency of the evidence because the judgment was not final). In this case, the trial court found appellant guilty, imposed sentence, and then suspended execution of that sentence, but nothing remained to be done with the case in the trial court. Consequently, the second conviction was a final judgment because the trial court had completely disposed of the case. Under Rule 1:1, a case is "final" when the parties have received "all the relief contemplated." *Simms v. Alexandria Dep't of Cmty. and Hum. Servs.*, 74 Va. App. 447, 468 (2022) (holding that the trial court had jurisdiction to terminate a mother's parental rights while an abuse and neglect proceeding concerning the mother and the same child was pending appellate review). *Cf. Fuller v. Commonwealth*, 189 Va. 327, 333 (1949) (holding that an order suspending imposition of sentence "merely" to allow the defendant to file an appeal was not a final, appealable order because the trial court was waiting for the probation report before sentencing the defendant and thus "a complete disposition of the case" had not occurred).

The Supreme Court has stated that the "appeal of a criminal conviction does not affect the finality of judgment, but only suspends the execution of the sentence." *Collins v. Commonwealth*, 269 Va. 141, 145-46 (2005) (holding that the defendant's suspended sentence on the conviction being appealed could be revoked after the defendant committed new offenses while free on bond). Numerous cases of this Court and the Supreme Court of Virginia have allowed convictions pending on appeal to be used in various contexts. For example, in *M.G. v.*

- 4 -

*Albemarle County.*, 41 Va. App. at 185-86, this Court held that the trial court did not abuse its discretion in deciding not to continue a parental rights termination hearing until after the mother's appeal of a felony sexual assault conviction in federal court was decided. In *Patterson v. Commonwealth*, 12 Va. App. 1046, 1047-48 (1991), this Court held that a trial court may use a conviction pending on appeal as grounds to revoke a suspended sentence. In *Royal v. Commonwealth*, 250 Va. 110, 118 (1995), the Supreme Court held that the trial court did not err in considering the defendant's prior conviction for second-degree murder as evidence of future dangerousness even though the murder conviction was then pending on appeal. *But see White v. Commonwealth*, 79 Va. 611, 614-16 (1884) (holding that where the defendant would receive an enhanced punishment for a second conviction, the trial court should have granted the defendant's motion for a continuance until the appeal of his first conviction for the same offense was resolved).

In addition, Code § 18.2-270 says nothing about the effect of a pending appeal on a conviction. In contrast, Code § 24.2-231 provides that a person holding public office forfeits that office once he has been convicted of certain offenses and after "*all rights of appeal under Virginia law have expired.*" (Emphasis added). However, he may be "automatically suspended" upon being convicted of a felony "regardless of any appeals, pleadings, delays, or motions." Code § 24.2-236. Therefore, the General Assembly certainly has shown that it knows how to put such a requirement in a statute—and could have included similar language regarding appeals in Code § 18.2-270 but did not do so, thus evincing the legislature's intent that a conviction for purposes of Code § 18.2-270 is a final judgment, even if pending on appeal. *See Rickman v. Commonwealth*, 294 Va. 531, 540 n.3 (2017) ("We 'presume that the legislature chose, with care, the' specific words of the statute. 'The act of choosing carefully some words necessarily implies others are omitted with equal care.'" (first quoting *Tvardek v. Powhatan Vill.*

*Homeowners Ass'n, Inc.*, 291 Va. 269, 277 (2016); and then quoting *Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield*, 42 Va. App. 264, 280 (2004))); *M.G.*, 41 Va. App. at 186 (explaining that "[h]ad the legislature wished to provide that a felony sexual assault conviction could not be used as a predicate for the termination of parental rights [under Code § 16.1-283(E)(iii)] unless all appeals had been exhausted, it could have said so in the statute" but did not do so in this case).

The "plain purpose" of Code § 18.2-270 is to deter criminal conduct "by increasing punishment for those who repeatedly drive under the influence of alcohol." *Williams v. Commonwealth*, 265 Va. 268, 271-72 (2003). However, the position espoused by appellant would allow defendants a clear opportunity to violate the DUI statute repeatedly but postpone obtaining the final conviction necessary for the requisite predicate offenses for a felony DUI conviction simply by continuing to appeal to this Court, the Supreme Court of Virginia, and even the United States Supreme Court. *See id.* at 271 (rejecting the defendant's argument that he could not be convicted of DUI, third offense, unless he had been convicted of two prior DUI offenses before he committed the third offense because the defendant's interpretation of the statute "would permit an offender to violate the statute repeatedly without being subjected to a felony charge simply because he could not be tried and convicted" quickly enough between offenses). As the Supreme Court has stated, "An interpretation of the statute that allows a defendant to violate it with impunity would be contrary to the clear legislative intent." *Thomas v. Commonwealth*, 256 Va. 38, 42 (1998) (affirming the defendant's conviction for a "second offense" of driving as a habitual offender, even though he had not been convicted of the "first offense" when he committed the "second offense"). *See also State v. Radi*, 578 P.2d 1169, 1181 (Mont. 1978) ("We do not believe a defendant should be able to avoid the consequences of his persistent felony conduct solely because of the fortunate circumstance that his previous felony

conviction was pending on appeal at the time of sentencing."). Therefore, we hold that the trial court did not err in allowing appellant's second DUI conviction to be used as a predicate conviction in finding him guilty of DUI, third conviction within five years, even though that second DUI conviction was then still on appeal.

B. Order Suspending Execution of Sentence Did Not Affect the Finality of the Conviction

Appellant also contends that the trial court's order "suspend[ing] the execution of the sentence for ninety (90) days" affected the finality of his second DUI conviction such that it could not be used as a predicate conviction in finding him guilty of DUI, third conviction within five years. Code § 19.2-319 allows a trial court to postpone the execution of a defendant's sentence if he indicates his intention to note an appeal. "Code § 19.2-322.1 gives the trial court the discretionary authority . . . to suspend the execution of a sentence by expressly providing that execution of such judgment '*may* be suspended *during* an appeal.'" *Askew v. Commonwealth*, 49 Va. App. 127, 135 (2006); *see Strohecker v. Commonwealth*, 23 Va. App. 242, 250-51 (1996) (affirming the trial court's refusal to suspend execution of the defendant's sentence until this Court had acted on his pending appeal). However, under neither statute is the original order imposing a sentence not a final order. As the Supreme Court has clearly stated, even suspending execution of a *judgment*—for the purpose of making an appeal—does "not prevent it from becoming final." *Hirschkop v. Commonwealth*, 209 Va. 678, 680 (1969) (quoting *Bridges v. Commonwealth*, 190 Va. 691, 697 (1950)); *see Harley v. Commonwealth*, 131 Va. 664, 666 (1921) ("The fact that execution of the judgment was suspended . . . did not affect the finality of the judgment in that court.").

Accordingly, there is no merit to appellant's claim that his second DUI conviction was not a final judgment simply because the trial court had suspended execution of the *sentence* for ninety days to allow appellant to note an appeal.

### III. CONCLUSION

Well-settled precedent from both this Court and the Supreme Court have given approval to the use of prior convictions as predicate offenses even though execution of the sentence (or judgment) was suspended or the conviction was pending on appeal. Consequently, the trial court did not err in this case in finding that the second DUI conviction was a final judgment that could be used as a predicate conviction, even though execution of the sentence had been suspended for ninety days and the conviction was pending on appeal at the time of appellant's trial on his third DUI offense. Therefore, for these reasons, we affirm appellant's conviction.

*Affirmed.*