STATE *versus* JOHN DAMERY.

If the incompetency of a witness, for any cause, becomes manifest by legal evidence, at any stage of the trial, his testimony should form no part of the evidence to be considered, if seasonably objected to.

Objections to the competency of a witness, known to the party objecting, are not seasonably taken, if not made before his examination.

And if they first become known after the examination has commenced, they are waived if the witness is suffered to proceed after the discovery.

The only evidence to show the incompetency of a witness on the ground of *infamy*, is the record of his conviction and judgment thereon by a Court having jurisdiction.

The refusal of a presiding Judge to grant delay in a trial, for the purpose of obtaining such record, is no ground for exceptions.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

INDICTMENT for MURDER.

The case is stated in the opinion.

*McCobb & Kingsbury*, for the respondent.

1. The objection was made as soon as it was known to the prisoner's counsel. If the objection is taken as soon as it is known to *counsel*, it is sufficient. *Commonwealth* v. *Greene*, 17 Mass., 516, 537.

2. The presiding Judge *ruled* that the objection came too late.

3. His ruling cannot be sustained. The authorities are decisive. 1 Greenl. Ev., § 421, and cases cited in the notes. *Butler* v. *Tufts*, 13 Maine, 302; *Skillinger* v. *M'Cann*, 6 Maine, 364; *Commonwealth* v. *Greene*, 17 Mass., 515; *Flagg* v. *Marr*, 2 Sumner, 487; *Swift* v. *Deane*, 6 Johns., 523, 528; *Davis* v. *Barr*, 9 Serg. & Rawle, 137; 8 ibid, 444; *Sloat* v. *Wood*, 1 Blackf., 71; *Needham* v. *Smith*, 2 Vernon, 463; *Jackson* v. *Laborne*, 11 Mees. & Wels., 685; 10 ibid, 141; *Vaughan* v. *Worrell*, 2 Swansb., 400; Stark. Ev., part II, 120, 154; ibid, part IV, 756; *Shurtleff* v. *Willard*, 19 Pick., 202.

*Drummond, Attorney General*, for the State.

1. There was no *ruling* of the presiding Judge. He *inti-*

State *v.* Damery.

*mated* his views of the law upon a supposed case, or upon the assumption that the *prisoner* knew of the objection, though his counsel might not.

2. The counsel requested delay, and the Judge refused to grant it. This was a matter within his discretion, and exceptions do not lie. 4 Pick., 302, 304; 14 Pick., 221; 41 Maine, 405, 409, 565; 34 Maine, 200; 35 Maine, 116, 478; 37 Maine, 190, 246; 38 Maine, 173; 39 Maine, 78, 173, 532.

3. The request was made too late.

The old rule was, that objections to the *competency* of a witness, *for any cause,* must be made before he is sworn in chief. 1 Gilbert's Ev., 282; Swift's Ev., 109; Peake's Ev., 129; 1 Stark. Ev., 121; Phill. Ev., 148; 1 Greenl. Ev., § 421; Roscoe's Crim. Ev., 165; 2 Russel on Crimes, 586; *Turner* v. *Pearte,* 1 T. R., 719, 720.

This rule was relaxed for the convenience of parties, and to save time in cases in which the incompetency is shown by *the testimony of the witness himself,* but not in cases in which the incompetency must be shown, (as in this case,) by testimony *aliunde.* *Watson's case,* 2 Stark., 158, [140;] *Shurtleff* v. *Willard,* 19 Pick., 202; *People* v. *McGarrer,* 17 Wend., 460; Roscoe's Crim. Ev., 165, in notes; *Commonwealth* v. *Greene,* 17 Mass., 538.

*Evans,* for the prisoner, replied.

The opinion of the Court was drawn up by

TENNEY, C. J.—The defendant was on trial for the crime of murder. A witness was sworn and testified to certain facts pertinent to the issue, when "the counsel for the accused interposed, and stated that they had just been apprised that the witness, at the time of the transactions testified to, was a convict of an infamous offence, undergoing sentence, which disqualified him from being a witness, and requested delay, to produce the record of it. The Judge intimated that, though such record would be admissible, to affect the credibility of the witness, it was too late now to raise the objec-

State v. Damery.

tion to his competency; that the objection should have been made before the witness was sworn, or at least, before he had commenced his testimony;" and the witness then proceeded in his testimony, and stated other facts. The foregoing quotation from the case involves the only point raised in the argument before the whole Court, and is all which appertains to the question presented.

The ancient rule, requiring that objections to the competency of a witness should be made before the oath was administered, has been relaxed in modern practice, and it has long been held that, if the incompetency was manifest from legal evidence at any stage of the trial, the testimony should constitute no part of the evidence, to be considered.

This change in the rule is conceded by the Attorney General, in cases where the incompetency is shown by other evidence than that of a record, but he contends that the relaxation does not extend to objections founded on evidence of the latter character. We see no sufficient reason for such distinction, and we are not satisfied that the authorities clearly and fully recognize it.

In the case of *Commonwealth* v. *Green*, 17 Mass., 515, where a new trial in a capital case was sought, on the ground that a witness for the government had been convicted of an offence which disqualified him as a witness, and that conviction was not shown at the trial, the Court, after commenting upon the grounds of the necessity of showing this by *record*, says, " it being the rule, then, that objections to the competency of a witness, founded on conviction of crime, must be made at the trial, and when the witness is offered to be sworn in the cause, who is since found to have been convicted, the trial was not for that cause erroneous or irregular, and a new trial cannot, on that account, be demanded as a right." That part of the language, just quoted, in these words—"and when the witness is offered to be sworn in the cause," may seem to favor the position taken in behalf of the government, but, when the remarks of the Court upon this point are examined together, it will be seen that this refers to the *trial*

generally, and not to the precise moment, when the witness objected to is first offered; for it is said, previously by the Court, in the same case, that whenever that objection, (infamy,) is made to a witness, it must be supported by the record of the conviction and judgment. " These must be produced and offered when the witness is about to be sworn, *or at farthest, in the course of the trial.*" In the case of *Commonwealth* v. *Green*, the discovery of the infamy of the witness was not made till after the trial and conviction; and hence, no question arose, whether the record, if introduced after the witness had been sworn, would have sustained the objection.

The rule is well settled, for obvious reasons, that objections to the competency of a witness must be made before his examination, if known to the party objecting, or they will not avail. And if this knowledge is first acquired after the examination of the witness has commenced, the objection is waived if the witness is suffered to proceed after the discovery. *Donelson* v. *Taylor,* 8 Pick., 390.

These principles, however, which have been invoked in argument, are inapplicable to the case before us. The motion to the Court for delay, was upon the ground that the counsel for the accused had just been apprised that the witness was a convict of an infamous offence. If it be conceded that this language necessarily implies that this information was *first* communicated to them immediately before the motion to the Court was made, nothing shows that it was not fully known to the prisoner long before the trial began. If the party is aware of the facts on which the objection is founded, he must make the election to rely upon it as soon as the opportunity to make it is presented; and, failing to make it at that time, he is presumed to have waived it forever. 1 Greenl., Ev., § 421.

But the most formidable obstacle, in the way of sustaining the exceptions, is, that no legal evidence, to show that the witness was incompetent, was offered, or that any such evidence is exhibited by the case to have existed. Such evidence

as could be admitted to establish the incompetency of the witness at the time of trial, on the ground of his infamy, was the record of a Court having jurisdiction of the conviction and the judgment. As we have seen from the case of *Commonwealth* v. *Green*, "these must be produced and offered, when the witness is about to be sworn, or at farthest in the course of the trial. All the books, which treat of this subject, are positive and express in the declaration, that the party must be prepared with the record, or, as some of them express it, come with it in his hand; or he shall not be heard against the competency of the witness. This rule is strict, and ought to be so." "Not only must infamy be proved by record, but the objection shall not be heard without a record."

The government, by its officers, waived none of its rights. The record being indispensable, as the basis of a hearing upon the question of incompetency of the witness for infamy, was not before the Court, and could not be treated in any manner as having an entity. We should be doing injustice to the presiding Judge, to hold that he made the legal ruling, as upon a record of a Court of competent jurisdiction, that though the record was sufficient to establish the guilt of the witness of an infamous offence and a judgment thereon, the objection being after the witness began to testify was too late to affect his competency. It was only an *intimation* of an opinion, upon the supposition that the facts should turn out to be, from an exhibition of the record, as the counsel stated they had just been *apprised* they were. There was no hearing, as there could be none. All the right to be heard, upon a production of the record afterwards, before the close of the trial, was preserved to the party accused. The "intimation" abridged in no degree that right. If the Judge had ruled, upon the production of the record, and such hearing as counsel should have been allowed, that it was too late to exclude the witness before the evidence was closed, exceptions could have been taken, and a question of law duly presented. But the motion was for delay, in order to obtain the

record; that was the only motion; that motion was overrul-ed by the Judge in the exercise of his discretion, it being for him to determine, under all the circumstances, whether the delay was necessary to secure to the accused a fair trial, and whether he was entitled to that delay.

*Exceptions overruled. — Judgment on the verdict.*

APPLETON, CUTTING, MAY, GOODENOW and DAVIS, JJ., con-curred.