(125 App. Div. 886.)

## H. KOEHLER & CO. v. CLEMENT.

(Supreme Court, Appellate Division, First Department. May 22, 1908.)

INTOXICATING LIQUORS—REBATE ON SURRENDER OF TAX CERTIFICATE—"CONVICTION."

A finding of guilty on which no judgment has been entered, sentence having been suspended, is a conviction within Liquor Tax Law, Laws 1896, p. 65, c. 112, as amended by Laws 1900, p. 857, c. 367, § 23, subd. 1, cl. "d," providing that a liquor tax certificate shall not be issued to one who has been convicted of a violation of that law within three years prior to his application, and the person found guilty is not a person "authorized to sell liquors under the provisions of the act" within section 25, providing for the surrender and cancellation of a liquor tax certificate by a person authorized to sell liquors under the provisions of the act and the payment of a rebate on such certificate.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1584–1591.]

Clarke, J., dissenting.

Appeal from Special Term.

Application of H. Koehler & Co. for a peremptory writ of mandamus against Maynard H. Clement, as commissioner of excise. From an order denying the same, H. Koehler & Co. appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles Goldzier, for appellant.

Herbert H. Kellogg, for respondent.

SCOTT, J. The relators, as assignees of a liquor tax certificate issued to one Joe Levy, seek to compel the payment of a rebate under the provisions of section 25 of the liquor tax law (Laws 1897, p. 225, c. 312). Their application is resisted upon the ground that said Levy was not "authorized to sell liquors under the provisions of the act," because he falsely stated in his application for the certificate on April 19, 1907, "that he had not been convicted of a violation of said law within three years prior to the date of his application." See clause "d," subd. 1, § 23, Liquor Tax Law; Laws 1896, p. 65, c. 112, as amended by Laws 1900, p. 857, c. 367. If this statement was untrue, the application for a writ was properly denied. People ex rel. Ochs v. Hilliard, 81 App. Div. 73, 80 N. Y. Supp. 792. It is undisputed that on February 19, 1905, the said Levy was tried in the Court of Special Sessions upon a charge of having violated the liquor tax law, and was found guilty, but that sentence was suspended, and has never been imposed, and that the time within which sentence thereon could have been imposed had expired when the alleged false statement was made. Section 470, Code Civ. Proc.; chapter 651, p. 1469, Laws 1893. The question is whether the finding of guilty by the court, in this case equivalent to the verdict of a jury, although not followed by judgment, is a conviction under section 25 of the liquor tax law. A similar question, involving the right to vote, has recently been decided by this court (People, etc., v. Fabian, 124 App. Div. ——, 111 N. Y. Supp. 140), and by analogy with that case it would appear that Levy was convicted of a violation of the liquor tax law within three years before he applied for a certificate, and that his statement to the contrary was false.

It follows that the order appealed from must be affirmed, with $10 costs. All concur, except CLARKE, J., who dissents.

CLARKE, J. For the reasons stated in my dissenting opinion in People v. Fabian, 124 App. Div. ——, 111 N. Y. Supp. 140, I dissent. In the Fabian Case the majority of this court has held that a verdict of a jury upon which no judgment has been entered, sentence having been suspended, which cannot be reviewed upon appeal, disfranchises forever the defendant. In the case at bar the court is about to hold that a man can be deprived of property as a result of a verdict upon which no judgment has been entered; sentence having been suspended. A further examination of authorities strengthens my opinion that, when pains, penalties, fines, forfeitures, and disqualifications follow upon conviction, then "conviction" means the sentence or judgment of the court entered upon the verdict of the jury and proved by the record. In Commonwealth v. Kiley, 150 Mass. 325, 23 N. E. 55, a statute provided that a conviction of a liquor dealer, by a competent court, of violations of the liquor law, should of itself make the license of such dealer void. The court held that the term "conviction" as

here used could mean nothing less than a final judgment, quoting from the opinion of Commonwealth v. Gorham, 99 Mass. 420, to the effect that the term "conviction" was used in the statutes of Massachusetts in two different senses. This case is on all fours with that at bar, and in harmony with the New York cases cited in the dissenting opinion in the Fabian Case.

The following provisions were added to the Code of Criminal Procedure by chapter 651, p. 1469, Laws 1893:

"Section 470a. If the judgment be suspended, after a plea or verdict of guilty or after a verdict against the defendant upon a plea of former conviction or acquittal the court may pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced; but not after the expiration of such period, unless the defendant shall have been convicted of another crime committed during such period.

"Sec. 470b. If judgment be not pronounced, as in the last section provided, nevertheless: (1) For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of judgment shall be regarded as a conviction, and shall be pleaded according to the fact. (2) The said plea or verdict and suspension of judgment may be proved in like manner as a conviction for the purpose of affecting the weight of the defendant's testimony in any action or proceeding, civil or criminal."

This legislation makes it clear, it seems to me, that, under the law as theretofore existing, a conviction followed by suspended sentence could not be used to enhance the punishment of a person indicted and convicted of a subsequent crime, and that conviction followed by suspended sentence could not have been proved for the purpose of affecting the weight of the defendant's testimony in any action.

In short, this enactment was legislative sanction of the proposition that pains, fines, forfeitures, penalties, and disqualifications did not follow on a verdict without a judgment. The Legislature in its wisdom changed the law in that regard in respect to indictments for second offenses and weight of testimony. As there was no other provision as to the effect of conviction and suspended sentence, no other pain, forfeiture, fine, penalty, or disqualification follows thereon. "Expressio unius est exclusio alterius."

The order appealed from should be reversed, and the motion granted.