# Staunton.

## J. C. SMITH v. COMMONWEALTH.

September 21, 1922.

1. PUBLIC OFFICERS—*Commonwealth's Attorney—Removal of Officer after Conviction of Crime—"Convicted"—Case at Bar.*—Code of 1919, section 2705, provides that the circuit court of a county shall have power to remove from office all State or county officers who shall have been "convicted" "of any act constituting a violation of any penal statute involving moral turpitude."

   *Held:* That the word "convicted" in the statute in question meant convicted by judgment, and where the accused pleaded not guilty, required a judgment of conviction in addition to the verdict of the jury.

2. WORDS AND PHRASES—*"Conviction"—"Convicted"—Judgment or Verdict.*—The words "conviction" or "convicted" sometimes signify the finding of the jury by verdict that the accused is guilty; the meaning being, not that the judgment has been entered or sentence pronounced, but only that a verdict of guilt has been returned, and this is designated by many authorities its ordinary legal meaning. Thus, when the context of the statute refers to the successive steps in a criminal case, or any particular stage of such a prosecution as distinguished from the others, the words "conviction" or "convicted" apply simply and solely to the verdict of guilty; but where the reference is to the ascertainment of guilt in another proceeding in its bearings upon the status or rights of the individual in a subsequent case, there a broader meaning attaches to the expressions, and a conviction is not established or a person deemed to have been convicted, unless it is shown that a judgment has been pronounced upon the verdict.

Error to a judgment of the Circuit Court of Dickenson county.

*Reversed and final judgment.*

This is a proceeding under section 2705 of the Code of 1919, having for its object the removal of the plaintiff in error, J. C. Smith (who will be hereinafter refer-

red to as the accused), from the office of Commonwealth's attorney of Dickenson county, to which office he had been elected, and which, after duly qualifying, he held at the time such proceeding was instituted.

The complaint in the circuit court charged, among other things, that the accused, while acting as Commonwealth's attorney for said county, after his term of office had commenced and he had qualified as such officer according to law, was "convicted of an act constituting a violation of a penal statute involving moral turpitude," in this, that the accused, on the_____ day of May, 1921, in the District Court of the United States for the Western District of Virginia, at Big Stone Gap, upon an indictment duly returned by a grand jury lawfully empannelled, was convicted of persuading, inducing, enticing and coercing a certain woman, whose name is set forth in the complaint, to go from one place to another, also alike set forth (being an interstate transaction), for the purpose of debauchery and other immoral purposes, contrary to the form of the statute of the United States in such case made and provided; which statute is commonly known as the "white slave act." (U. S. Comp. St. §§8812-8819.)

There was a trial by jury in the case in judgment, which resulted in a verdict finding the accused "guilty of having been convicted of an act constituting a violation of a penal statute involving moral turpitude, as charged in the complaint   *   *." Thereupon the circuit court entered the judgment under review, removing the accused from said office and declaring such office vacant, and the accused brings error.

The proof in the case was that on the trial of the accused in the said Federal court upon the charge aforesaid in that court of the aforesaid offense of a violation of the said Federal statute, he pleaded "not guilty,"

and there was a verdict of the jury therein duly empannelled, returned on May 18, 1921, finding the accused guilty of such offense; that the case was continued over until the next day; that on the next day, May 19, 1921, the accused moved the said Federal court to set aside such verdict; and that thereupon that court took time to consider such motion and continued the case to the first day of the next regular term.    And it appeared from the proof that the proceeding in the case in judgment was instituted and that said judgment was entered therein while the Federal court had under consideration the aforesaid motion to set aside the said verdict returned in that court; so that, at the time said procedure was instituted and when final judgment was entered in the State court, no judgment had been entered convicting the accused of said offense of violation of the aforesaid Federal statute.

On the trial of the case in judgment the court instructed the jury, in substance, that the verdict of the jury in the Federal court of itself constituted a conviction of the accused of the offense charged against him in that court and in the aforesaid complaint, without the verdict being followed by any judgment of the Federal court convicting the accused of such offense.

*A. A. Skeen* and *E. M. Fulton*, for the plaintiff in error.

*W. A. Daugherty, Chase & McCoy* and *Sutherland & Sutherland*, for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

In the view we take of the case it is necessary for us to consider and determine only one question raised by the assignment of error, and that is this:

[1] 1. What is the meaning of the word "convicted," contained in the statute (section 2705 of the Code), under which the accused was removed from office in the case in judgment, as applicable to such case? Is its meaning satisfied merely by the finding by the jury of a verdict of guilt; or does it require a judgment of conviction of the offense?

The statute (section 2705 of the Code), so far as material, is as follows: "The circuit courts of counties * * shall have the power to remove from office all State, county * * officers elected or appointed * * who shall have been convicted * * of any act constituting a violation of any penal statute involving moral turpitude."

We are of opinion that, as applied to a case such as that in judgment (where the accused pleaded not guilty), the word "convicted" in the statute in question means convicted by judgment, and requires a judgment of conviction, in addition to the verdict of the jury.

The question is an open one in this jurisdiction, but we find the following holdings in other jurisdictions:

In *Faunce* v. *People*, 51 Ill. 311, the statute involved provided that "each and every person convicted" of certain crimes mentioned "shall be deemed infamous and shall forever thereafter be rendered incapable of holding any office of honor, trust or profit, of voting at any election, of serving as a juror, and of giving testimony." In the opinion of the court this is said: "This presents the question, what is a conviction? Is it the verdict of guilty, or is it the sentence or judgment rendered on the verdict? * * * An examination of the adjudged cases in the various States of the Union, where substantially the same laws are in force, will show that it is not the commission of the crime, nor the verdict of guilty, nor the punishment, nor the infamous

nature of the punishment, but the final judgment of the court that renders the culprit incompetent."

In *Commonwealth* v. *Lockwood,* 109 Mass. 325, at p. 329 (12 Am. Rep. 699), the word "conviction" is said to have the meaning of conviction *by judgment of the court,* in the provision of the Constitution of Massachusetts which is as follows: "No person shall ever be admitted to hold a seat in the legislature or any office of trust or importance under the government of this Commonwealth, who shall in the due course of law have been convicted of bribery or corruption in obtaining an election or appointment," citing *Case of Falmouth, Mass. Election Cases* (Ed. 1853) 203.

And the authorities are very numerous, and practically unanimous in their holding to the effect that, under statutes disqualifying persons from testifying as witnesses who have been convicted of crimes mentioned in the statute, the disqualification does not arise upon the mere conviction of the crime by the verdict of the jury, but only where there has been a judgment of conviction, without which, as is uniformly held, there has been no conviction within the meaning of such statutes. 1 Bish. New Cr. Law (8th ed.) sec. 975; 7 Am. & Eng. Ency. L. (new ed.), pp. 498-502, and note 1 on p. 502; *People* v. *Whipple,* 9 Cow. (N. Y.), 707; *Fitch* v. *Smallbrook,* T. Raym. 32; *Rex* v. *Castell,* 8 East 77; *State* v. *Damery,* 48 Me. 327; *Gibbs* v. *Osborn,* 2 Wend. (N. Y.) 555, 20 Am. Dec. 649; *Dawley* v. *State,* 4 Ind. 128; *Com.* v. *Gorham,* 99 Mass. 420; *Marion* v. *State,* 16 Neb. 349, 20 N. W. 289; *Bishop* v. *State,* 41 Fla. 522, 26 So. 703; 16 C. J. 1341 (3).

In Bish. New Cr. Law (8th ed.), sec. 975, just cited, this is said: "*Judgment necessary.*—A mere plea or verdict of guilt works no infamy, for until judgment it has not reached the conclusion of guilt. So that this dis-

qualification" (to be a witness), "like common law forfeiture, does not come from the mere crime, or the mere conviction of it, or the punishment, but from the final judgment of the court. Until judgment, the accused or indicted person is competent to testify." Citing numerous cases in England as well as in the United States.

There is the same practically unanimous holding of the authorities where the statute disqualifies from voting persons convicted of crimes mentioned in the statute. *Gallagher* v. *State*, 10 Tex. App. 469; *Egan* v. *Jones*, 21 Nev. 433, 32 Pac. 929; *People* v. *Fabian*, 192 N. Y. 443, 84 N. E. 672, 18 L. R. A. (N. S.) 684, 127 Am. St. Rep. 917, 15 Ann. Cas. 100.

By the great weight of authority there is the same holding as to the necessity of a judgment of conviction to bring the case within the meaning of "convicted" or "conviction" in statutes imposing any punitive consequences as the result of the conviction of the offense mentioned in such statutes. See, for such holding, *Schiffer* v. *Pruden*, 64 N. Y. 52, where the statute provided that "a wife convicted of adultery" shall not be entitled to dower; *Rex* v. *Turner*, 15 East 570, where the statute allowed costs, etc., against a defendant prosecuting a *certiorari*, "if he is convicted;" *Burgess* v. *Botefeur*, 7 M. & G. 481, 49 E. C. L. 481, 504, where the statute imposed a certain penalty upon the overseers of the poor in case of any person being "convicted" of keeping a disorderly house in the parish; 1 Hale P. C. 680; *Smith* v. *Com.* (Pa.), 14 Serj. & R. 69, where the statute increased the punishment of persons *convicted* of a second offense.

In commenting on a statute against the forging or making of false deeds, etc., which provided that a person committing a second offense "after his conviction

or condemnation of a former one," shall be deemed guilty of felony without benefit of clergy, Lord Hale (in 1 Hale P. C. 680, just cited) says this: "By conviction I conceive is intended, not barely a conviction by verdict, where no judgment is given, but it must be a conviction by judgment." And such is the modern construction of the word "conviction" in statutes embracing the punishment of second offenses. 16 C. J. 1341 (3).

See *Williamson's Case,* 2 Va. Cas. (4 Va.) 211; *White's Case,* 79 Va. 611, and *Fugate's Case,* 2 Leigh (29 Va.) 724, as throwing some side light on the subject under consideration.

[2] There is, however, another meaning of the word "conviction," or "convicted," which is designated by many of the authorities as its "ordinary legal meaning," which signifies the finding of the jury by verdict that the accused is guilty; the meaning being, not that judgment has been entered or sentence pronounced, but only that a verdict of guilt has been returned. 7 Am. & Eng. Ency. L. (2nd ed. p. 497; *Blair's Case,* 25 Gratt. (66 Va.) 850; *State* v. *Alexander,* 76 N. C. 231, 22 Am. Rep. 675; *Snodgrass* v. *State,* 67 Tex. Cr. R. 615, 150 S. W. 162, 41 L. R. A. (N. S.) 1144; *State* v. *Garrett,* 135 Tenn. 617, 188 S. W. 58, L. R. A. 1917-B, 567. These authorities are relied on for the Commonwealth. Upon examination of them, however, it appears that the holding that the word "conviction," or "convicted," has such ordinary meaning is confined to cases in which the context in which the word is found has reference merely to something which should or may be done at a particular stage in a criminal prosecution triable by jury as, for example, that the entry of judgment is the next step in the procedure following conviction, or, where the Constitution confers the pardoning power

"after conviction" that it may be exercised before judgment or sentence. In the cases involving the question of when the pardoning power may be exercised, the conclusion that the words "after conviction" refer to the stage of the prosecution when a verdict of guilt is rendered (where there is such a verdict), is reached largely on the grounds that, historically and at common law, this power was exercised often before trial and sometimes even before the crime was committed, and that it is well established that the constitutional provisions on the subject were adopted in the several States to prevent such abuse of the pardoning power, but not to prevent its exercise after the ordinary administration of justice has proceeded to the aforesaid stage. This appears from the opinion in such cases. And these very authorities, indeed, all recognize that the holding of the authorities referred to in this opinion, in the paragraphs preceding this, is sound. The distinction between the holding of the former and the latter authorities, as pointed out in many of such authorities themselves, is this: Where the context in which the word is found concerns, not merely the particular case, but the effect of the conviction of the accused in one case, when pleaded or given in evidence in another, the word "conviction," or "convicted," is more comprehensive and includes the judgment of the court upon the verdict or confession of guilt.

As said in 7 Am. & Eng. Ency. L. (2nd ed.), pp. 498-502: "When indeed the word 'conviction' is used to describe the effect of the guilt of the accused, as judicially proved in one case, when pleaded or given in evidence in another, it is sometimes used in a more comprehensive sense, including the judgment of the court upon the verdict or confession of guilt; as, for instance, in speaking of the effect of guilt judicially ascertained

as a disqualification of the 'convict.' Thus, where a
statute provides that upon conviction of an offense the
convict shall be disqualified thereafter as a witness, the
term 'conviction' is held to include final judgment, and
a verdict alone is not sufficient to disqualify the de-
fendant.''

As said in *Blair's Case, supra* (25 Gratt., (66 Va.)
at p. 858): "But the further statement contained in 1
Bish. on Crim. Law, sec. 361,    *    *    *    that the word
conviction sometimes denotes the final judgment of the
court, is equally true. As an example of the use of the
word in that sense, the Code, chapter 195, section 19,
may be referred to, which declares that 'except where
it is otherwise expressly provided, a person convicted
of felony shall not be a witness, unless he has been
pardoned or punished therefor, and a person convicted
of perjury shall not be a witness, although pardoned
or punished.' The word 'convicted' in this section
means 'adjudged guilty.' 'No person is deemed in-
famous in law,' says Greenleaf, 'until he has been legally
found guilty of an infamous crime. But the mere ver-
dict of the jury is not sufficient for this purpose, for it
may be set aside, or the judgment may be arrested, on
motion for that purpose. It is the judgment, and that
only, which is received as the legal and conclusive evi-
dence of the party's guilt for the purpose of rendering
him incompetent to testify.' See 1 Greenleaf on Evi-
dence, sec. 375, and the cases cited in note 1.    *    *    *
There are no doubt other like examples to be found in
the Code, but it is needless to refer to any more.''

In *State* v. *Garrett, supra* (135 Tenn. at page 622, 188
S. W. at page 59, L. R. A. 1917-B, at p. 569), the opin-
ion of the Massachusetts court in *Commonwealth* v.
*Lockwood, supra* (109 Mass. 325, 12 Am. Rep. 699), is
referred to with approval, and of the opinion delivered

by judge Gray in the latter case, this is said: "He reviewed authorities in England, Massachusetts and elsewhere, and showed very plainly that 'the ordinary legal meaning of "conviction," ' *when used to designate a particular stage of a criminal prosecution triable by jury,* is * *," etc. (Italics supplied).

In *People* v. *Fabian, supra* (192 N. Y. 443, 85 N. E. 672, 18 L. R. A. (N. S.) 684, 127 Am. St. Rep. 917, 15 Ann. Cas. 100), this is said: "As to the numerous cases cited in the briefs of both parties to the present appeal, in which the words 'conviction,' or 'convicted,' are differently defined, it may be said generally that, when the context of the statute refers to the successive steps in a criminal case, or any particular stage of such a prosecution, as distinguished from others, these words apply simply and solely to the verdict of guilty; but where the reference is to the ascertainment of guilt in another proceeding, in its bearings upon the status or rights of the individual in a subsequent case, there a broader meaning attaches to the expressions, and a 'conviction' is not established, or a person deemed to have been 'convicted' unless it is shown that a judgment has been pronounced upon the verdict."

Only two authorities are cited for the accused in the case before us which are not in harmony with the views above expressed, and they are *Commonwealth* v. *McDermott,* 37 Pa. Sup. Ct. Rep. 5, and *Koehler* v. *Clement,* 125 App. Div. 886, 111 N. Y. Supp. 151. Both of these decisions are by inferior courts of the respective States, and are not in accord with the holding of the courts of last resort in those States. It is true that the *McDermott Case* is a later decision than that of the Supreme Court of Pennsylvania, of *Smith* v. *Com., supra* (14 Serg. & R. 69), but the latter decision being of the Supreme Court, must be taken to announce the doctrine of that State on the subject.

The holding in *Koehler* v. *Clement* (125 App. Div. 886, 111 N. Y. Supp. 151), was expressly rested upon the decision of the Appellate Division Court, May, 1908, of the case of *People* v. *Fabian,* 126 App. Div. 89, 111 N. Y. Supp. 140.    That decision was reversed by the New York Court of Appeals, September, 1908, upon appeal to that court.    See *People* v. *Fabian, supra* (192 N. Y. 443, 85 N. E. 672, 18 L. R. A. (N. S.) 684, 127 Am. St. Rep. 917, 15 Ann. Cas. 100.

We therefore feel constrained to reverse and annul the judgment under review, and this court will accordingly enter judgment restoring the accused to the office of Commonwealth's attorney of Dickenson county, with costs.

*Reversed and final judgment.*