COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


CURTIS WAYNE BOWLING, A/K/A
  MARK A. WOOD
                                                                OPINION BY
v.        Record No. 2592-06-4                    JUDGE WILLIAM G. PETTY
                                                           DECEMBER 27, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            Joanne F. Alper, Judge

        Helen Randolph for appellant.

        Alice T. Armstrong, Assistant Attorney General II (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        A jury convicted appellant, Curtis Wayne Bowling, of failure to appear pursuant to Code

§ 19.2-128.  Bowling argues that this conviction should be reversed.  He maintains that the evidence

in the trial court was insufficient to support the conviction and that the trial court erred in holding

that Code § 19.2-128(B) applies to a defendant who has pleaded guilty.  For the following reasons,

we hold that the trial court did not err in its interpretation of Code § 19.2-128(B).  We do not

address Bowling's sufficiency of the evidence argument because it is procedurally defaulted.

                                I. BACKGROUND

        On appeal, we view the evidence in the light most favorable to the Commonwealth, the

party prevailing below, giving it all reasonable inferences fairly deducible from the evidence.

Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993).  On June 23,

1988, Bowling was arrested for driving while intoxicated and possession of marijuana with intent to

distribute.  Bowling was released on bond prior to his trial.  On May 11, 1989, Bowling appeared in

the trial court along with his attorney and, pursuant to a plea agreement, pleaded guilty to both offenses.[1] The trial court continued the case for sentencing until July 14, 1989, and ordered "that [Bowling's] appearance bond . . . remain in full force and effect."[2] Bowling failed to appear on July 14, 1989, and the trial court issued a bench warrant for his arrest.

In 2006, Bowling turned himself in to Arlington County authorities. He was subsequently indicted for this violation of Code § 19.2-128(B). Following a jury trial, he was convicted and sentenced to one year of incarceration. This appeal followed.

## II. ANALYSIS

Bowling raises two issues on appeal: whether the evidence was sufficient to prove that he had notice of the sentencing date, and whether the trial court made an error of law by ruling that Code § 19.2-128 applied to a person who had pleaded guilty to a felony offense and was awaiting sentencing.

### A. Proof of Notice of the Sentencing Date

In order to convict Bowling under Code § 19.2-128, the Commonwealth was required to prove that his failure to appear was willful. "When the government proves that an accused received timely notice of when and where to appear for trial" and the accused then fails to appear, "the fact finder may infer that the failure to appear was willful." Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (citation omitted). Bowling contends that the evidence was insufficient to prove that he had notice that he was required to appear for sentencing on July 14,

---

[1] The order reflecting the guilty plea was not entered until June 5, 1989. We note that, in his brief, Bowling refers to this as the *July* 5, 1989 order. However, this appears to be an error, both because there is no July 5 order in the record and because the June 5 order contains the information regarding the July 14 sentencing date. We assume for the purposes of this opinion that it is the June 5 order to which Bowling refers.

[2] The bail bond form setting out the terms and conditions of Bowling's release was neither introduced into evidence nor made part of the record.

1989; hence, his failure to appear was not willful. Upon review of the record, we have determined that Bowling failed to preserve this argument for the purpose of appeal.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Thus, before we may address an argument on appeal, an accused must present the specific argument to the trial court that he wishes to raise on appeal. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) ("Under [Rule 5A:18], a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." (citing Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744, (1987))).

Bowling argues that he preserved his sufficiency argument in his motion to strike the evidence at the conclusion of the case. While it is true that an accused may fulfill the requirements of Rule 5A:18 by submitting his sufficiency argument to the court in the form of a motion to strike the evidence, Sabol v. Commonwealth, 37 Va. App. 9, 20, 553 S.E.2d 533, 538 (2001), Bowling's only argument in support of the motion to strike was that Code § 19.2-128(B) did not apply to him, as discussed in Part B, *infra*. He never challenged the sufficiency of the evidence to prove that he had notice of the July 14 sentencing date. Thus, we conclude that Bowling did not raise the issue of the sufficiency of the evidence to prove notice as a basis for his motion to strike.

Bowling also argues that he preserved his sufficiency argument by objecting to the admissibility of the June 5 order on the grounds that it did not constitute notice of the sentencing date. We disagree. In Crawley v. Commonwealth, 29 Va. App. 372, 512 S.E.2d 169 (1999), we held that a motion to strike for insufficient evidence did not preserve the issue of the admissibility of evidence for appeal. Id. at 376, 512 S.E.2d at 171. Here we hold that the

reverse is also true: an objection to the admissibility of evidence cannot preserve the issue of the sufficiency of the evidence for appeal.

As we discussed in Crawley, whether evidence is admissible at trial and whether it is sufficient to prove the charges against an accused are two completely separate legal questions, requiring two distinct legal analyses. Evidence is admissible upon proof "that it is material – tending to prove a matter . . . properly at issue in the case – and relevant, or that it has any logical tendency, however slight to prove a [matter at] issue." Id. at 377, 512 S.E.2d at 172 (internal quotation marks and citations omitted). However, "[t]he standard for judging the sufficiency of evidence to prove . . . [a] key fact in a criminal case is much higher – the Commonwealth must prove that fact beyond a reasonable doubt." Id.

Thus, a trial court does not err by admitting evidence that is material and relevant even when that evidence, standing alone, would be insufficient to establish an element of the offense. Id. at 378, 512 S.E.2d at 173. However, when we consider the sufficiency of the evidence we do not consider each piece of evidence in isolation. Instead, we review the totality of the evidence to determine whether it was sufficient to prove an offense. See, e.g., Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004). There is simply a different legal analysis involved in determining the admissibility of the evidence as opposed to its sufficiency to prove an element of the offense. See Banks v. Mario Indus. of Va., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007) ("The admissibility of evidence and the sufficiency of evidence are distinct issues. It follows that objections to the admissibility of evidence and the sufficiency of evidence are also distinguishable.").

### B. Code § 19.2-128

Bowling also contends that the trial court erroneously applied Code § 19.2-128(B) in this case. Because the crime for which Bowling was convicted occurred in 1989, we must examine

the statute that was in effect at that time. See, e.g., Kitze v. Commonwealth, 23 Va. App. 213, 216, 475 S.E.2d 830, 832 (1996) (discussing the constitutional prohibition on the retroactive application of penal laws). At that time, the statute stated, in pertinent part: "Any person charged with a felony offense who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Code § 19.2-128(B). Bowling reasons that, because he had pleaded guilty prior to his failure to appear, he was no longer "charged with a felony offense," but was rather "convicted of a felony offense."[3] Thus, relying on the current statutory language, Bowling concludes that the statute does not apply to him, as he was not released pursuant to Code § 19.2-319 when he failed to appear for sentencing.[4] Bowling therefore maintains that his conviction for failure to appear should be reversed. We disagree, and affirm the conviction.

We review a trial court's application of a statute *de novo*. Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). "Although penal statutes are to be strictly construed against the Commonwealth, courts are nevertheless bound by the plain meaning of unambiguous statutory language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated." Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327-28 (2006) (internal quotation marks and citations omitted). Moreover, "'the plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or

---

[3] In attempting to draw a distinction between a person charged with an offense and a person convicted of an offense, Bowling apparently relies on the current language of Code § 19.2-128(B). The statute was amended to its current form in 1999. See 1999 Va. Acts, c. 821. It now reads: "Any person (i) charged with a felony offense or (ii) convicted of a felony offense and execution of sentence is suspended pursuant to § 19.2-319 who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." However, as noted above, this is not the statute in effect at the time of the offense.

[4] Code § 19.2-319 allows for a person who has been convicted of an offense to be released on bail during the pendency of an appeal.

strained construction.'" Id. (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).

Essentially, Bowling argues that the statute does not apply to a person who has pleaded guilty and is awaiting sentencing. We disagree. While Bowling had pleaded guilty to the charges of driving while intoxicated and possession with intent to distribute marijuana at the time of his failure to appear, this does not change the fact that he remained a person charged with an offense within the meaning of Code § 19.2-128. To be charged with a crime means that one has been formally accused of "criminal conduct." See Black's Law Dictionary 184 (7th ed. 2000); cf. Coles v. Commonwealth, 44 Va. App. 549, 558, 605 S.E.2d 784, 788 (2004) (comparing the term "on a charge of criminal offense" in Code § 18.2-478 with the concept of probable cause). Based on these facts and on "the plain meaning of [the] unambiguous statutory language" of Code § 19.2-128, Gunn, 272 Va. at 587, 637 S.E.2d at 327-28 (citing Turner, 226 Va. at 459, 309 S.E.2d at 338), we hold that a person remains "charged" with an offense after conviction and prior to sentencing.[5]

---

[5] This interpretation of the statute is also consistent with the use of the term "convicted" in our case law. The word "conviction" may have different meanings in different contexts. See, e.g., Smith v. Commonwealth, 134 Va. 589, 594-97, 113 S.E. 707, 708-10 (1922). However,

> where the prior conviction establishes an element of a crime, that is, where the reference is to the ascertainment of guilt in another proceeding in its bearings upon the status or rights of the individual in a subsequent case, . . . a "conviction" is . . . established [or] a person [is] deemed to have been "convicted" . . . [where] it is shown [that the fact finder has rendered a verdict and] that a judgment has been pronounced upon the verdict.

M. G. v. Albemarle County Dep't of Soc. Servs., 41 Va. App. 170, 185-186, 583 S.E.2d 761, 769 (2003) (quoting Smith, 134 Va. at 598, 113 S.E. at 710) (internal quotation marks omitted).

This conclusion is further supported by well-settled rules of statutory construction. Bowling urges us to construe the word "charged" as a legal status that terminates upon a finding of guilt. However, we are precluded from construing "a statute . . . so that it leads to absurd results." Auer v. Commonwealth, 46 Va. App. 637, 651, 621 S.E.2d 140, 147 (2005); see also Cook v. Commonwealth, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004) ("[T]he phrase 'absurd result' [describes] situations in which the law would be internally inconsistent or otherwise incapable of operation."). Were we to accept Bowling's arguments, Title 19.2 would be internally inconsistent. A person awaiting trial on a felony charge would be subject to felony prosecution under Code § 19.2-128 for failing to appear. So too would a person who had been convicted and sentenced but released on bond pending appeal. However, an individual having the intermediate status of convicted but not yet sentenced could not be prosecuted under Code § 19.2-128.

This anomaly would create a situation in which our trial courts would consistently be exposed to the risk that individuals would simply fail to appear for sentencing because the deterrent of further criminal charges and punishment would be removed. Thus, in the words of the trial judge below, trial courts would "have to lock up [every person who enters a guilty plea] to make sure they're here" for sentencing – an absurd and inefficient result under our statutory scheme.

## III. CONCLUSION

For the reasons discussed above, we affirm Bowling's conviction.

Affirmed.