UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Causey and Senior Judge Haley
Argued at Richmond, Virginia


DUSTIN HARRIS

|  |  | MEMORANDUM OPINION* BY |
|---|---|---|
| v. | Record No. 0908-22-2 | JUDGE DORIS HENDERSON CAUSEY |
|  |  | JANUARY 23, 2024 |

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
F. G. Rockwell, III, Judge Designate

Todd M. Ritter (Hill & Rainey, on brief), for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellee.


Following a bench trial, Dustin Harris was convicted of five counts of electronic solicitation

of a minor in violation of Code § 18.2-374.3, five counts of indecent liberties in violation of Code

§ 18.2-370, one count of soliciting a minor to perform child pornography in violation of Code

§ 18.2-374.1, four counts of soliciting a minor to perform child pornography, second offense, in

violation of Code § 18.2-374.1, one count of possession of child pornography first offense, and four

counts of possession of child pornography, second offense, both in violation of Code

§ 18.2-374.1:1.  The circuit court sentenced Harris to serve 65 years' active incarceration.

On appeal, Harris argues that the trial court erred in convicting him of all the charges except

the soliciting a minor to perform child pornography, first offense, because the Commonwealth did

not specify at trial what evidence was linked to which conviction.  He also asserts that the current

mandatory sentencing scheme violates the Eighth Amendment's prohibition against cruel and

---

* This opinion is not designated for publication.  *See* Code § 17.1 413(A).

unusual punishment, and he asks this Court to review the constitutionality of his sentence. Finding no merit in Harris's arguments, we affirm the trial court's judgment.

BACKGROUND[1]

Officer Joanna Hartsook of the Special Victims Unit of the Chesterfield County Police began investigating a report of illicit contact involving a twelve-year-old minor victim ("A.M."). On July 9, 2019, Hartsook received A.M.'s phone along with authorization from her parents to utilize the phone in her investigation. Posing as the child, Hartsook began texting with Harris, who was 35 years old at the time. Hartsook determined that Harris was working at a nearby restaurant, so she drove to that restaurant and contacted him that same day.

Harris admitted that he had been texting a girl with A.M.'s first name. They first began talking because A.M. "liked" and complimented his paintings on Instagram, which led him to send her a message. Harris explained that A.M. had lied about her age, initially advising him that she was 19, then 17, and then she said 13. However, A.M. was 12 at the time of the exchanges. Harris told Hartsook that "things got sexual" and also "that things got carried away" and that he had made a few requests of A.M. and she was willing. At the end of the interview, Hartsook obtained Harris's phone.

Detective Clayton with the Chesterfield County Police Department processed Harris's phone, using specialized software to access it and download the data on the phone. Once the phone was processed, Hartsook was able to tag photos of A.M. that were found on the phone, and she created an extraction report with those images. Hartsook located approximately 288 sexually

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Harris's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

explicit images of A.M. The extraction report was introduced without objection in addition to messages exchanged between A.M.'s phone and Harris's phone.

On July 18, 2019, Hartsook arrested Harris and interviewed him subsequent to that arrest. When confronted with the evidence Detective Hartsook had found, Harris admitted he knew that A.M. was 12. He stated that he had been addicted to pornography for some time and that the situation with A.M. made him relapse. He admitted that A.M. sent him several photos in just a bra and panties. He then asked her to send him a photo "crotch-ways up," and she obliged and sent him a nude picture in this pose. He also told her to send him photos of herself in several poses he wanted, including penetrating herself with different items, writing "I am 12," and writing "Dustin's" with an arrow pointing to her crotch on her nude body. Hartsook also observed many pornographic images of children who were not A.M. on Harris's phone.

Harris was originally charged with five counts each of electronic solicitation of a minor, indecent liberties with a minor, solicitation of a minor to perform child pornography, and possession of child pornography. Harris entered a no contest plea to one count of solicitation of a minor to perform child pornography, and not guilty pleas to the remainder.

At trial, the Commonwealth entered its evidence, without noting which images and text messages pertained to which indictment. As the basis of his motions to strike and motion to set aside the verdict, Harris put forward that the Commonwealth was "under the obligation . . . to go line by line, charge by charge and show exactly how Charge Number 1 is satisfied, how Charge Number 2 is satisfied down the line." Harris argued that the Commonwealth was "essentially asking [the trial court] to take what they've given . . . in a dump" and have the trial court "go through it" and "line it up." The trial court denied Harris's motions. After hearing the evidence and argument, the court convicted Harris on all counts.

At the initial sentencing hearing, after listening to the evidence, argument, and allocution of Harris, the trial court noted that it was "offended by [Harris's] conduct." However, the court expressed that it was "overkill" to sentence Harris to a 60-year prison term of active incarceration. Instead, the trial court pronounced a sentence of 165 years' incarceration with 158 years suspended. The Commonwealth objected, noting that "the law requires the mandatory minimum time." The trial court commented that "[y]ou know people who kill people don't get sixty years in prison." The court instructed the parties to brief the issue and continued the case for a hearing on that issue.

At the subsequent sentencing hearing, the court determined that it was required by statute to impose the mandatory minimums; accordingly, it sentenced Harris to a total of 65 years of active incarceration and specifically declined the defense's request to run the mandatory minimum sentences concurrently. The court also noted that the Commonwealth had provided a new extraction report at sentencing which contained an additional 1,262 images of child pornography not involving A.M.

## ANALYSIS

### I. Sufficiency of the Evidence

Harris's first four assignments of error challenge the sufficiency of the evidence to sustain his convictions. Harris argues that by submitting exhibits without specificity, the Commonwealth asked the trial court to discern which piece of evidence supports which element of the various charges and is insufficient to sustain his convictions under the indictments. We disagree.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). In determining whether there is sufficient evidence to uphold a conviction, we independently review the record to determine whether the elements of an offense are met. *Ervin v. Commonwealth*, 57 Va. App. 495, 518 (2011) ("[W]hen we consider the sufficiency of the evidence . . . we review the totality of the evidence to determine whether it was sufficient to prove an offense." (quoting *Bowling v. Commonwealth*, 51 Va. App. 102, 107 (2007))); Rule 3A:15 (noting that motions to strike challenge the sufficiency of the evidence). We do so even in the absence of argument by the Commonwealth delineating what evidence satisfies each element.

In this case, there is ample evidence to support Harris's convictions. The Commonwealth put forth a log of explicit and indecent text message exchanges from Harris's phone supporting multiple violations of Code §§ 18.2-374.3 and 18.2-370. Additionally, there was police testimony about Harris's admission to soliciting A.M. online, supporting multiple violations of Code §§ 18.2-374.3 and 18.2-370, as well as testimony about his admission to asking A.M. to send several pictures with different poses, supporting multiple violations of Code §§ 18.2-374.3, 18.2-370, and 18.2-374.1. Furthermore, the Commonwealth put forth exhibits, showing copies of nude pictures the victim took of herself and sent to Harris, supporting multiple violations of Code §§ 18.2-374.3, 18.2-370, 18.2-374.1, and 18.2-374.1:1. Finally, the Commonwealth introduced the data extraction of Harris's phone depicting nude pictures of A.M. which support multiple violations of Code §§ 18.2-374.3, 18.2-370, 18.2-374.1, and 18.2-374.1:1. Therefore, we hold that the evidence was sufficient to support Harris's convictions.

## II. Sentencing

Harris argues that the trial court erred in sentencing him to active incarceration of 65 years and posits that the current mandatory sentencing scheme violates the Eighth Amendment's prohibition against cruel and unusual punishment.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

The sentences the trial court imposed were within the ranges set by the legislature. *See* Code §§ 18.2-10, -370, -374.1, -374.3, -374.1:1. The trial court suspended the entirety of each of the sentences except for those it could not—the mandatory minimums. Accordingly, Harris received the minimum active sentence allowed by law. Because this sentence does not exceed the statutory maximum, we will not overturn it as an abuse of discretion. Further, because this case does not involve a life sentence without the possibility for parole, we will not engage in an Eighth-Amendment proportionality review. Thus, we uphold that the trial court's sentence.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*